CARSON CITY HOSPITAL v DEPARTMENT OF COMMUNITY HEALTH

Docket Nos. 233123. Submitted October 2, 2002, at Grand Rapids. Decided October 15, 2002, at 9:00 A.M. Leave to appeal sought.

Carson City Hospital petitioned the Montcalm Circuit Court for judicial review of a decision by the Department of Community Health to deny the petitioner's request for full Medicaid reimbursement for surgical services provided to Medicaid recipients on an inpatient basis at the petitioner's rural health clinics (RHC). The respondent had determined that the inpatient surgeries were not RHC services subject to full reimbursement. The court, Charles H. Miel, J., entered an order reversing the respondent's decision. The respondent appealed by leave granted.

The Court of Appeals held:

1. The respondent does not have legal authority to reimburse the petitioner for non-RHC services at rates higher than Medicare would pay for similar services. MCL 400.109(1)(b) permits Medicaid recipients to receive physician services authorized by the respondent and physicians to be paid a reasonable charge for the service rendered. MCL 400.109(1)(b) further provides that reasonable charges shall be determined by the respondent and shall not be more than those paid in this state for services rendered under title XVIII of the Social Security Act, 42 USC 1395 et seq., pursuant to which the federal government funds and administers Medicare.

2. Hospital-based surgical procedures are not RHC services under title XIX of the Social Security Act. Title XIX defines "rural health clinic services" to include a physician's professional services when furnished to an individual as an outpatient of a rural health clinic. Michigan's Medicaid plan incorporates the federal definition of RHC services in that the state established a program for medical assistance for the medically indigent under title XIX. MCL 400.105(1).

3. Michigan's Medicaid plan does not require that the respondent reimburse RHC physicians at full cost for inpatient surgeries. 42 CFR 440.20(b), which defines RHC services, when read in conjunction with 42 USC 1395x(aa), which limits RHC services to professional services furnished to an individual as an outpatient of a rural health clinic, indicates an intent that inpatient surgeries not be included as RHC services.

4. The provider agreements signed by the petitioner and its physicians do not entitle the petitioner to full reimbursement for inpatient RHC surgeries. By signing the agreements, the petitioner agreed to be bound by the participation conditions and to comply with the Medicaid Manual, which does not provide for full-cost reimbursement for inpatient RHC surgeries.

Reversed and remanded for reinstatement of the administrative hearing decision.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Erica Weiss Marsden,* Assistant Attorney General, for the respondent.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and CAVANAGH, JJ.

PER CURIAM. The respondent appeals by leave granted from the circuit court order reversing the respondent's decision denying the petitioner's request for full-cost reimbursement for inpatient surgery services provided to Medicaid recipients. We reverse and remand.

The petitioner is the owner and operator of four certified rural health clinics (RHC). The respondent administers the Medicaid program at the state level, pursuant to title XIX of the Social Security Act, 42 USC 1395 *et seq.,* and the Michigan Social Welfare Act, MCL 400.105 through 400.112. Typically, Medicare and Medicaid reimburse hospitals and physicians on a fixed-fee (fee-screen) basis. Respondent indicates that under 42 USC 1396a(a)(13)(C)(i) and 1396d(a)(2)(B), RHC services are reimbursed by Medicaid for one hundred percent of costs that are "reasonable and related to the cost of furnishing such services . . . ." Usually, that amount is greater than the fee-screen amount.

This action arises as a consequence of the respondent's denial of the petitioner's request for full-cost

Medicaid reimbursement from respondent for inpatient surgeries, including hysterectomies, births by Caesarean section, and laparoscopies, performed by its physicians. The petitioner's request was denied on the basis that inpatient surgeries were not RHC services. The circuit court reversed, holding that "Medicaid covered physician services performed by a rural health clinic physician in a hospital setting are rural health clinic services, as a matter of law." This Court reviews the circuit court's decision for clear error to determine whether correct legal principles were applied and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings. *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). A decision is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made. *Id.* at 235.

On appeal, the respondent first argues that it did not have legal authority to reimburse the petitioner for non-RHC services at rates higher than Medicare would pay for similar services. We agree. Although the respondent relied on MCL 400.109(1)(b) in support of its argument in the trial court, but in the administrative hearing relied on 42 CFR 447.321(a), the legal issue is identical; therefore, it is preserved for our consideration.

Under MCL 400.105(1), the state is charged with establishing a medical assistance program "for the medically indigent under title XIX." MCL 400.109(1)(b) permits eligible Medicaid recipients to "receive physician services authorized by the department of community health" and physicians to "be paid a reason-

able charge for the service rendered." MCL 400.109(1)(b) further provides that "[r]easonable charges shall be determined by the department of community health and shall not be more than those paid in this state for services rendered under title XVIII." The federal government funds and administers Medicare pursuant to title XVIII, 42 USC 1395 *et seq.* Clearly, then, MCL 400.109(1)(b) limits Medicaid reimbursement from exceeding charges that would be reimbursed for the same service provided under Medicare. Therefore, the respondent was not authorized to reimburse the petitioner for non-RHC services at higher rates than Medicare would pay for similar services.

Next, the respondent argues that hospital-based surgical procedures are not RHC services under title XIX of the Social Security Act. We agree.

According to title XIX, the definition of "rural health clinic services" includes a physician's professional services "*when furnished to an individual as an outpatient of a rural health clinic.*" 42 USC 1395x(aa)(1) (emphasis added). Michigan's Medicaid plan incorporates the federal definition of RHC services in that the state established "a program for medical assistance for the medically indigent *under title XIX.*" MCL 400.105(1) (emphasis added). Moreover, Michigan law provides that "[t]he director . . . *pursuant to federal regulations,* may establish policies and procedures that he or she considers appropriate, relating to . . . applicable federal law and regulations, to assure that the implementation and *enforcement of state and federal laws are* . . . [i]n conformance with law . . .[and] in conformance with the state plan . . . ." MCL 400.111a(1) (emphasis added). When the Legislature

enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional. *People v Ramsdell*, 230 Mich App 386, 393; 585 NW2d 1 (1998). Here, the Legislature has indicated that in establishing and enforcing the state plan, compliance with title XIX is required. In this case, petitioner concedes the challenged surgeries were received by the RHC's *inpatient* Medicaid recipients; therefore, the challenged surgeries were not RHC services.

Next, we agree with the respondent that Michigan's Medicaid plan does not require it to reimburse RHC physicians at full cost for inpatient surgeries. The portion of Michigan's plan pertaining to RHC services states that "rural health clinic services, as specified in 42 CFR 440.20(b)" are covered when provided by a certified RHC.

42 CFR 440.20(b) defines RHC services as

(1) Services furnished by a physician within the scope of practice of his profession under State law, if the physician performs the services in the clinic or the services are furnished away from the clinic and the physician has an agreement with the clinic providing that he will be paid by it for such services.

42 CFR 440.20(b) was written under the authority of 42 USC 1302 to "make and publish such rules and regulations, not inconsistent with [the Social Security Act]." 42 USC 1302(a). Thus, on its own, 42 CFR 440.20(b) does not exclude inpatient surgeries as RHC services, but read in conjunction with 42 USC 1395x(aa) (limiting RHC services to professional services "when furnished to an individual as an outpatient of a rural health clinic"), it is clear that inpatient

surgeries were not intended to be included as RHC services.

The respondent next asserts that the provider agreements signed by the petitioner and its physicians did not entitle the petitioner to full-cost reimbursement for inpatient RHC surgeries. We agree. By signing the agreements, the petitioner agreed to be bound by the participation conditions and to comply with the Medicaid Manual provided by the respondent. The agreements themselves did not set forth procedures for obtaining reimbursements; rather, it was the Medicaid Manual that explained reimbursement procedures. The manual did not provide full-cost reimbursement for inpatient RHC surgeries, thus the provider agreements did not provide such reimbursement.

Finally, the respondent contends that the Medicaid Manual did not constitute a contract between the parties. However, the manual, whether a contract or not, did not entitle the petitioner to full-cost reimbursement for inpatient RHC surgeries. The manual clearly states that "[t]he RHC services subject to cost based [full-cost] reimbursement are defined at 42 CFR Section 440.20(b)." Again, reading 42 CFR 440.20(b) in conjunction with 42 USC 1395x(aa), it is clear that inpatient surgeries were not intended to be included as RHC services.

Reversed and remanded to the circuit court for reinstatement of the administrative hearing decision. We do not retain jurisdiction.