VIVIANO, J.
(concurring in the result). I concur in the result because I agree with the majority that we should reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court to enter an order vacating its ruling granting defendant’s request to instruct the jury on the offense of moving violation causing death. However, I write separately because I believe that the same result can be reached by deciding this case on a nonconstitutional ground.
This Court’s order granting leave to appeal in this case asked the parties to address constitutional issues regarding the separation of powers and the right to a jury trial.[1] However, we also asked the parties to address “whether MCL 257.601d [moving violation causing death] is a necessarily included lesser offense of MCL 257.626(4) [reckless driving causing death].”[2] The majority opinion declines to address that issue because both parties conceded that moving violation causing death is a necessarily included lesser offense of reckless driving causing death. Despite this concession, however, I would decline to reach the constitutional issues[3] and instead decide, as a matter of law, that moving violation *174 causing death is not a necessarily included lesser offense of reckless driving causing death.[4]
In determining whether an offense is a necessarily included lesser offense of a greater offense, the issue requires the Court to determine whether the greater offense at issue always includes the lesser offense at issue.[5] In other words, the question is whether all of the elements of moving violation causing death are subsumed into reckless driving causing death such that it is impossible for a person to commit reckless driving causing death without first committing moving violation causing death.[6]
The reckless driving causing death statute applies to “a person who operates a vehicle.”[7] However, moving violation causing death applies to “[a] person who commits a moving violation,” which requires “an act or omission prohibited under this act or a local ordinance substantially corresponding to this act that involves the *175 operation of a motor vehicle[.]”[8] This may seem like a distinction without a difference upon first glance. But I believe the Legislature’s use of the words “motor vehicle” and “vehicle” is significant given that the Michigan Vehicle Code has assigned distinct definitions to the two terms.
MCL 257.79 defines “vehicle,” in pertinent part, as follows:
“Vehicle” means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices exclusively moved by human power or used exclusively upon stationary rails or tracks ....
Whereas MCL 257.33 defines “motor vehicle” as follows:
“Motor vehicle” means every vehicle that is self-propelled, but for purposes of chapter 4 of this act[9] motor vehicle does not include industrial equipment such as a forklift, a front-end loader, or other construction equipment that is not subject to registration under this act. Motor vehicle does not include an electric patrol vehicle being operated in compliance with the electric patrol vehicle act. Motor vehicle does not include an electric personal assistive mobility device. Motor vehicle does not include an electric carriage.
Thus, by its terms, a “motor vehicle” is more narrowly defined as a “vehicle” with the distinct feature of being self-propelled. Arguably, then, a person could operate[10] a “vehicle” in violation of the reckless driving causing death statute, but not violate the moving violation causing death statute if the vehicle involved was *176 not specifically a “motor vehicle.” But this distinction raises the question—what types of vehicles could a person operate in violation of the reckless driving causing death statute that are not motor vehicles?
According to my review of the Michigan Vehicle Code, a “vehicle” for purposes of the reckless driving causing death statute could be a “person riding an animal,” “an animal-drawn vehicle,”[11] or an “electric carriage.”[12] And while those devices are vehicles under the act, they are obviously not “motor vehicles.” Thus, while it could be possible for a person to be charged with reckless driving causing death for recklessly driving a horse-drawn carriage, it would be impossible for that person to be found guilty of moving violation causing death because a horse-drawn carriage is not a motor vehicle. In other words, the offense of moving violation causing death is not a necessarily included lesser offense of reckless driving causing death because it is possible to commit reckless driving causing death without first committing a moving violation causing death—if you are operating a “vehicle” that is not also a “motor vehicle.”[13]
I am fully aware that the circumstances under which a person may commit reckless driving causing death using such a non-motor vehicle will be rare, but the *177 rarity of that potential occurrence does not change the legal analysis. An offense is either always considered a necessarily included lesser offense or it is not.[14] And applying principles of statutory interpretation,[15] I believe the Legislature’s use of different terminology to describe the elements of each offense dictates the conclusion that the offense of moving violation causing death is not a necessarily included lesser offense of reckless driving causing death because all of the elements of moving violation causing death are not subsumed into reckless driving causing death such that it is impossible for a person to commit reckless driving causing death without first committing moving violation causing death. Accordingly, because it would instead be a cognate lesser offense,[16] defendant was not entitled to an instruction on the offense of moving violation causing death irrespective of the Legislature’s statutory prohibition.[17] Therefore, I would dispose of *178 the case on this nonconstitutional ground.[18]

 People v Jones, 495 Mich 905 (2014).

 Id.

 Madugula v Taub, 496 Mich 685, 696; 853 NW2d 75 (2014), quoting Lisee v Secretary, 388 Mich 32, 40; 199 NW2d 188 (1972), quoting People v Quider, 172 Mich 280, 288-289; 137 NW 546 (1912) (“ ‘[I]t is well settled in Michigan that “Monstitutional questions will not be passed upon when other decisive questions are raised by the record which dispose of the case.” ’ ”); see also Lichtman v Detroit, 75 Mich App 731, 734-735; 255 NW2d 731 (1977), citing Neese v Southern R Co, 350 US 77, 78; 76 S Ct 131; 100 L Ed 60 (1955) (“A decision should have been made on nonconstitutional grounds, even though not raised by the parties.”).

 People v Wilder, 485 Mich 35, 40; 780 NW2d 265 (2010) (stating that the determination whether an offense is a lesser included offense is a question of law subject to review de novo).

 See People v Nickens, 470 Mich 622, 629-630; 685 NW2d 657 (2004); see also People v Walls, 474 Mich 1142 (2006) (Corrigan, J., concurring), citing People v Cornell, 466 Mich 335, 357, 358 n 13; 646 NW2d 127 (2002) and People v Mendoza, 468 Mich 527, 532 n 3; 664 NW2d 685 (2003) (stating that “the court must first determine whether an offense is necessarily included,” which is resolved solely by a comparison of the elements of the offenses, and that “once it is established that the offense is necessarily included, the court must then determine whether an instruction is warranted on the facts of a particular case, by examining whether ‘the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it’ ”).

 See Nickens, 470 Mich at 630; Cornell, 466 Mich at 345, 361 (stating that to be a necessarily included lesser offense “the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser”) (quotation marks and citation omitted).

 MCL 257.626.

 MCL 257.601d.

 Chapter 4 of the Michigan Vehicle Code pertains to civil liability.

 “Operate” or “operating” means, in pertinent part, “[bleing in actual physical control of a vehicle.” MCL 257.35a(a).

 MCL 257.604 states:
A person riding an animal or driving an animal-drawn vehicle upon a roadway shall he granted all of the rights and shall he subject to all the duties, criminal penalties, and civil sanctions applicable to the driver of a vehicle by this chapter, except those provisions of this chapter which by their very nature may not have application.

 The Michigan Vehicle Code defines “electric carriage” as “a horse-drawn carriage that has been retrofitted to be propelled by an electric motor instead of by a horse and that is used to provide taxi service.” MCL 257.13d. And, as quoted above, the definition of “motor vehicle” specifically states, “Motor vehicle does not include an electric carriage.”

 Nickens, 470 Mich at 628, 630; Cornell, 466 Mich at 345, 361.

 See Nickens, 470 Mich at 630 (“In every instance where an actor commits CSC-I involving personal injury and uses force or coercion to accomplish sexual penetration, the actor first commits an attempted-battery assault with the intent to commit CSC involving sexual penetration.”) (emphasis added); People v Veling, 443 Mich 23, 36; 504 NW2d 456 (1993) (“[I]f the lesser offense is one that is necessarily included in the charged offense, the evidence always supports the lesser offense if it supports the greater.”) (emphasis added).

 In re MKK, 286 Mich App 546, 556-557; 781 NW2d 132 (2009) (stating that our Legislature is presumed to be aware of the consequences of its use of statutory language as well as its effect on existing laws); see also Carson City Hosp v Dep’t of Community Health, 253 Mich App 444, 447-448; 656 NW2d 366 (2002) (“When the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional.”).

 Cornell, 466 Mich at 345, 355 (stating that a cognate lesser offense is one that is of the same class or category and shares elements with the charged offense, but may contain elements not found in the higher offense).

 MCL 257.626(5).

 MCL 768.32(1); Cornell, 466 Mich at 359.