# STATE OF MICHIGAN

# COURT OF APPEALS

---

ARBOR CROSSINGS APT LLC, ARBOR
CROSSINGS KEARNEY TIC LLC, and READ
PROPERTY GROUP,

        Petitioners-Appellants,

v

TOWNSHIP OF MUSKEGON,

        Respondent-Appellee.

UNPUBLISHED
October 26, 2017

No. 334318
Tax Tribunal
LC No. 16-003125-TT

---

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Petitioners appeal as of right the order of the Tax Tribunal dismissing their tax petition as untimely. This case arises from a dispute over what type of postage mark establishes the date of filing for a petition filed with the Tax Tribunal. Pursuant to MCL 205.735a(6), a petitioner must file "a written petition on or before May 31 of the tax year involved" to invoke the relevant jurisdiction of the Tax Tribunal. Petitioner sent an envelope to the Tax Tribunal that bore a meter postmark dated May 31, 2016, and a United States Postal Service (USPS) postmark dated June 1, 2016. The Tax Tribunal held that only the USPS postmark was the official date of filing. We affirm.

We review de novo the Tax Tribunal's interpretation of statutes. *Wexford Med Group v City of Cadillac*, 474 Mich 192, 202; 713 NW2d 734 (2006). The Tax Tribunal's decision to "dismiss a petition for failure to comply with its rules or orders" is reviewed for an abuse of discretion. *Prof Plaza, LLC v City of Detroit*, 250 Mich App 473, 475; 647 NW2d 529 (2002). An abuse of discretion occurs when a decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

The timeliness of a filing with the Tax Tribunal is determined by MCL 205.735a(7), which provides as follows:

> A petition is considered filed on or before the expiration of the time period provided in this section or by law if 1 or more of the following occur:

(a) The petition is postmarked by the United States postal service on or before the expiration of that time period.

(b) The petition is delivered in person on or before the expiration of that time period.

(c) The petition is given to a designated delivery service for delivery on or before the expiration of that time period and the petition is delivered by that designated delivery service or, if the petition is not delivered by that designated delivery service, the petitioner establishes that the petition was given to that designated delivery service for delivery on or before the expiration of that time period.

The Tax Tribunal has interpreted MCL 205.735a(7) to mean that "[s]ubmissions by mail are considered filed on the date indicated by the U.S. postal service postmark on the envelope containing the submissions." Mich Admin Code R 792.10219(5), TTR 219(5). Here, there is no dispute that petitioners attempted to file their petition through the USPS pursuant to MCL 205.735a(7)(a). Therefore, the dispute in this case is whether the Tax Tribunal properly interpreted MCL 205.735a(7)(a) in finding that petitioners' petition was untimely.

We generally defer to interpretations given by the Tax Tribunal to statutes it is delegated to administer, but in the event of a conflict between a statute and an administrative rule, the statute prevails. *Grimm v Treasury Dep't*, 291 Mich App 140, 145; 810 NW2d 65 (2010); *Grass Lake Improvement Bd v Dep't of Environmental Quality*, 316 Mich App 356, 366; 891 NW2d 884 (2016). Clear and unambiguous language in a statute establishes the intent of the Legislature, which this Court then effectuates as written. *Lash v City of Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). "Terms used in a statute must be given their plain and ordinary meaning, and it is appropriate to consult a dictionary for definitions." *EldenBrady v City of Albion*, 294 Mich App 251, 254-255; 816 NW2d 449 (2011). We "may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Snead v John Carlo, Inc*, 294 Mich App 343, 355; 813 NW2d 294 (2011).

The operative language of the statute is "postmarked by the United States postal service." Thus, the statute unambiguously treats "postmarked" as a *verb*, or in other words, an action undertaken by the USPS. Petitioners rely on treating the word as a *noun*, which would impermissibly rewrite the statute to read something in effect, "bearing a postmark from the United States postal service." Although perhaps a subtle distinction, we are not permitted to deviate from what the Legislature actually wrote. "Postmark," when used as a verb, means "to put a postmark on." *Merriam-Webster's Collegiate Dictionary* (11th ed). Consequently, the statute unambiguously requires the postmark to have been applied "by the United States postal service."

We conclude that it was not, and petitioners do not appear to seriously contend that it was so applied. A postage meter is "a device or system of components a customer uses to print evidence that postage required for mailing has been paid." Mailing Standards of the United States Postal Service, Domestic Mail Manual (DMM), § 604.4.1.1. Postage meters imprint

-2-

postage under license of the USPS, DMM § 604.4.2, and are regulated by the USPS to ensure they are properly used, DMM §§ 604.4.4, 705.19.0. Thus, the petition in this case could not have literally been "postmarked" by the USPS because it was postmarked by petitioners. At best, the petition was postmarked under license of the USPS. The statute unambiguously mandates that only petitions that are "postmarked by the United States postal service" fall within the provisions of MCL 205.735a(7)(a).

"It is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws." *Walen v Dep't of Corr*, 443 Mich 240, 248; 505 NW2d 519 (1993). Further, "[w]hen the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional." *Carson City Hosp v Dep't of Community Health*, 253 Mich App 444, 447-448; 656 NW2d 366 (2002). Thus, the Legislature is presumed to have been aware of the laws allowing for the use of postage meters to send mail through the USPS, see *Walen*, 443 Mich at 248, yet it used the phrase "postmarked by the United States postal service" in MCL 205.735a(7)(a), thereby intentionally excluding mail postmarked by postage meters under license of the USPS, see *Carson City Hosp*, 253 Mich App at 447-448. Moreover, to interpret MCL 205.735a(7)(a) as permitting mail postmarked by postage meters would render the phrase "by the United States postal service" surplusage and, therefore, not give full effect to the Legislature's intent. See *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 37; 878 NW2d 799 (2016).

Petitioner cites several cases from other jurisdictions for the proposition that meter postmarks have been considered postmarks by the USPS, but none of those authorities held that a meter postmark constituted *a* postmark *by* the USPS. We hold that the Tax Tribunal did not err in its interpretation of MCL 205.735a(7)(a) because, by its clear language, MCL 205.735a(7)(a) requires that the petition be postmarked *by the United States postal service*. Accordingly, the tribunal did not abuse its discretion by denying petitioners' petition for lack of jurisdiction because only the USPS postmark, and not the meter postmark, on the petition was relevant to its filing date under MCL 205.735a(7)(a), and the USPS postmark was dated after the filing deadline in MCL 205.735a(6).

Petitioners finally argue that the Tax Tribunal's interpretation of MCL 205.735a(7)(a) would violate the Equal Protection Clauses of the United States and Michigan Constitutions; US Const, Am XIV and Const 1963, art 1, §2; by creating two classes of people and unjustifiably treating them in a disparate manner. Although petitioner raises this issue for the first time on appeal, the Tax Tribunal would not have had the power to address it, so it is proper for us to consider it. *Electronic Data Sys Corp v Twp of Flint*, 253 Mich App 538, 549; 656 NW2d 215 (2002). The two classes to which petitioner refers are people who do and do not use postage meters. This is not the sort of "largely innate" considered protected or otherwise subject to heightened scrutiny under the Equal Protection Clause. *Crego v Coleman*, 463 Mich 248, 258-261; 615 NW2d 218 (2000). Petitioner must therefore establish that the requirement is "'arbitrary and wholly unrelated in a rational way to the objective of the statute." *Electronic Data Sys Corp*, 253 Mich App at 552 (quotation omitted).

The purpose of the filing requirements in MCL 205.735a is to invoke the jurisdiction of the Tax Tribunal, and the purpose of MCL 205.735a(7) in particular is "to provide a record of

the date of mailing, because mailing is the event that invokes the jurisdiction of the Tax Tribunal, and to prevent stale claims." *Electronic Data Sys Corp*, 253 Mich App at 549-550. Regulating how to invoke the Tax Tribunal's jurisdiction is a legitimate government interest. *Id*. at 553. Requiring an official postmark by the USPS, and not allowing meter postmarks, rationally relates to this purpose because meter postmarks are susceptible to biases that USPS postmarks are not, and USPS postmarks are inherently more reliable than meter postmarks. Moreover, a petitioner that sends a petition using metered mail is, in fact, different from a person that does not use metered mail, and "those things which are different in fact or opinion [are not required] to be treated in law as though they were the same." *Electronic Data Sys Corp,* 253 Mich App at 551 (alteration in original; citation and quotation marks omitted). Accordingly, because MCL 205.735a(7)(a), as interpreted by the Tax Tribunal, was rationally related to a legitimate government purpose, petitioners' Equal Protection claim fails.

Affirmed.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause