# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 29, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

159660-1

MAEGAN TURNER, by WALTER SAKOWSKI,
Conservator,
            Plaintiff,
and

RIVERVIEW MACOMB HOME &
ATTENDANT CARE, LLC,
            Intervening Plaintiff,

v

            SC: 159660
            COA: 339624
            Wayne CC: 16-002031-NF

FARMERS INSURANCE EXCHANGE,
            Defendant/Cross-Plaintiff/
            Cross-Defendant-Appellee,
and

ENTERPRISE LEASING CORPORATION OF
DETROIT, LLC and EAN HOLDINGS, LLC,
            Defendants/Cross-Defendants-
            Appellants,
and

ESTATE OF JASON PUCKETT, by GARY
DUANE RUPP, Personal Representative,
            Defendant/Cross-Plaintiff,
and

PATSY VILLNEFF and TAMERA HARPER,
            Defendants/Cross-Defendants.

_____/

JONTE EVERSON,
            Plaintiff,

v

            SC: 159661
            COA: 339815
            Washtenaw CC: 16-000359-NF

FARMERS INSURANCE EXCHANGE,
            Defendant/Third-Party
            Plaintiff-Appellee,
and

ENTERPRISE LEASING COMPANY,
            Third-Party Defendant-Appellant.

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral argument of the parties having been considered by the Court, we REVERSE the April 16, 2019 judgment of the Court of Appeals and, in Docket No. 159660, we REINSTATE the May 5, 2017 order of the Wayne Circuit Court granting summary disposition in favor of Enterprise Leasing Corporation of Detroit, LLC, and EAN Holdings, LLC.  In Docket No. 159661, we REINSTATE the August 2, 2017 order of the Washtenaw Circuit Court granting summary disposition in favor of Enterprise Leasing Company.

MCL 500.3101(1) of the no-fault act, MCL 500.3101 *et seq*., provides that "the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of [no-fault] benefits . . . ."  And MCL 500.3102(1) provides that "[a] nonresident owner or registrant of a motor vehicle . . . not registered in this state shall not operate or permit the motor vehicle . . . to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of [no-fault] benefits . . . ."  Furthermore, at the time relevant to this case, MCL 500.3114 provided for the following insurer priority:

> (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

> (a)  *The insurer of the owner or registrant of the vehicle occupied*.

> (b)  The insurer of the operator of the vehicle occupied.  [MCL 500.3114, as amended by 2016 PA 347 (emphasis added).]

In *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191 (1986), we held that under MCL 500.3114(3), "when an employee is injured in an employer's out-of-state vehicle, which is not required to be registered in this state . . . , and when the vehicle is not subject to the security provisions of the no-fault act because it has not been operated in this state for more than thirty days within the calendar year," then any insurer of that vehicle does not have priority for no-fault benefits.  *Id*. at 207.  In dictum, we added that "we read the phrase 'owner or registrant of the vehicle occupied' within [MCL 500.3114(4)(a)] to be part of the more complete requirement as stated in [MCL 500.3101(1)]:  'The owner or registrant of a motor vehicle *required to be registered in this state*' (emphasis added)."  *Id*. at 203 n 3.  See *Robinson v City of Lansing,* 486 Mich 1, 16-17 (2010) ("[T]he Legislature is not required to be overly repetitive in its choice of language. . . .  We do not believe that this is required of the Legislature in order that it communicate its

intentions. . . . [U]nless the Legislature indicates otherwise, when it repeatedly uses the same phrase in a statute, that phrase should be given the same meaning throughout the statute.").

Here, as in *Parks*, it is undisputed that the vehicles at issue owned by the Enterprise appellants which the injured individuals were occupying at the time of the respective accidents were (1) out-of-state vehicles, (2) not required to be registered in this state, and (3) not subject to the security provisions of the no-fault act because they had not been operated in this state for more than 30 days within the calendar year. See MCL 500.3101(1); MCL 500.3102(1). Furthermore, we believe that the holding of *Parks* as to MCL 500.3114(3) applies with equal force to former MCL 500.3114(4)(a) in this context. MCL 500.3114(3), as with former MCL 500.3114(4)(a), does not expressly condition an insurer's priority for no-fault benefits upon the vehicle's being required to be registered in Michigan or otherwise being subject to the security provisions of the no-fault act because it has been operated within the state for more than 30 days within the calendar year. Yet, such a condition is implicit within MCL 500.3114(3) and former MCL 500.3114(4)(a) when the no-fault act is read as a whole. Under MCL 500.3101(1) and MCL 500.3102(1), an owner or registrant of a vehicle must maintain security for the payment of no-fault benefits (i.e., obtain a no-fault insurer) when the vehicle is either required to be registered in this state or operated in this state for more than 30 days within the calendar year. In our judgment, consistent with *Parks*, the word "insurer" as used in MCL 500.3114(3) and former MCL 500.3114(4)(a) refers to the no-fault insurer contemplated by MCL 500.3101(1) and MCL 500.3102(1). That is, the word "insurer" as used in MCL 500.3114(3) and former MCL 500.3114(4)(a) refers *only* to a particular insurer that has agreed to provide no-fault insurance to an owner or registrant as required by MCL 500.3101(1) or MCL 500.3102(1). Therefore, where no such insurer exists, there can be no "insurer of the furnished vehicle," see MCL 500.3114(3), or "insurer of the owner or registrant of the vehicle occupied," see former MCL 500.3114(4)(a).

As applied to this case, because these self-insured Enterprise appellants, see MCL 500.3101d, were not required under either MCL 500.3101(1) or MCL 500.3102(1) to obtain no-fault insurance for the vehicles at issue, the Enterprise appellants could not have constituted the "insurer of the owner or registrant of the vehicle occupied" under former MCL 500.3114(4)(a). Accordingly, the trial court in each case correctly granted summary disposition in favor of the Enterprise appellants.

CLEMENT, J. (*concurring*).

I concur in full with the Court's order. I write separately to note that my vote in this case is dictated by this Court's decision in *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167 (2019). In my view, the fundamental inquiry in this case is determining the nature of the commitment a no-fault insurer makes when it issues a policy of no-fault insurance (or, as here, when an entity commits to self-insuring). The obligation to obtain

no-fault insurance is triggered upon becoming "the owner or registrant of a motor vehicle required to be registered in this state" that is going to be "driven or moved on a highway." MCL 500.3101(1). Is the no-fault insurer's commitment to the *insured owner*, or is it to the *owner's vehicle*? My view is that "nothing in the no-fault act requires a vehicle to be insured," but rather that "a certain person (the vehicle's owner or registrant) [must] maintain security against liability . . . ." *Dye*, 504 Mich at 197 (Clement, J., dissenting). But my view did not prevail; the Court held that MCL 500.3101(1) "refers to the vehicle, not the person." *Id.* at 192 (opinion of the Court). As a result, a no-fault insurer makes a commitment to cover a particular *vehicle*, rather than making a commitment to cover a particular *vehicle owner* and that owner's collection of automobiles.

In its argument to this Court, Enterprise emphasizes that there must be a "predicate" for insurance liability to trigger its placement in the priority hierarchy to pay benefits, and because the vehicle at issue did not need to be insured under MCL 500.3101(1), there is no such predicate here. In my view, this assumes the conclusion. There is no dispute that Enterprise owns other vehicles in Michigan that are subject to MCL 500.3101(1); the question is whether *those* automobiles are a sufficient "predicate" to impose liability on Enterprise. Had the Court adopted my position in *Dye*, I believe it would follow that Enterprise's other vehicles subject to Michigan's insurance requirement would be a sufficient "predicate." Enterprise (as insurer) would have committed to covering Enterprise (as owner of one or more vehicles subject to Michigan's insurance requirement), and it is in that latter capacity that Enterprise appears in the order of priority under former MCL 500.3114(4)(a). Instead, the Court held in *Dye* that no-fault insurance is attached to a specific vehicle rather than a specific vehicle owner. I therefore conclude that those other vehicles are not a sufficient "predicate," that the vehicle at issue should be considered uninsured, and thus that the "insurer of the owner" does not exist, meaning that "no personal protection insurance [was] applicable to the injury" and the claim was eligible to be assigned through the assigned claims plan, MCL 500.3172(1). As the insurer to whom the claim was assigned, Farmers Insurance Exchange thus is liable for benefits, and I concur in the Court's order.

CAVANAGH, J. (*dissenting*).

I would affirm the April 16, 2019 decision of the Court of Appeals holding that defendant EAN Holdings, Inc. (EAN), is obligated to pay plaintiffs personal protection insurance (PIP) benefits under former MCL 500.3114(4)(a) because it is the insurer of the owner of the vehicles occupied by plaintiffs when the accidents at issue occurred.

In both of these consolidated actions, plaintiffs were injured when they were passengers in vehicles owned by defendant Enterprise Leasing Corporation of Detroit, LLC (Enterprise). The vehicles at issue were rented in Michigan but were registered in other states and were self-insured by defendant EAN. Because the vehicles had not been

operated in Michigan for more than 30 days, Enterprise and EAN argued that they were not required to be registered or insured in Michigan under MCL 500.3101(1) and MCL 500.3102(1). When EAN refused to provide PIP coverage to plaintiffs, defendant Farmers Insurance Exchange (Farmers) was assigned through the assigned claims plan to handle plaintiffs' claims for benefits. Farmers argued that EAN was responsible for paying PIP benefits to plaintiffs because EAN was higher in priority under former MCL 500.3114(4)(a). The trial courts in both cases held that EAN was not in the order of priority under former MCL 500.3114(4)(a) because the vehicles were not required to be registered or insured in Michigan under MCL 500.3101(1) and MCL 500.3102(1). On appeal, the Court of Appeals reversed, holding that priority under former MCL 500.3114(4)(a) was not linked to the registration and insurance requirements of MCL 500.3101(1) and MCL 500.3102(1) and, under the plain language of former MCL 500.3114(4)(a), EAN was higher in the order of priority because it was the "insurer of the owner or registrant of the vehicle occupied." MCL 500.3114(4)(a), as amended by 2016 PA 347; *Turner v Farmers Ins Exch*, 327 Mich App 481, 499-500 (2019), citing *Farmers Ins Exch v Farm Bureau Ins Co*, 272 Mich App 106, 113-115 (2006). The Court of Appeals also concluded that a self-insured entity is an insurer under former MCL 500.3114(4)(a) because an entity that elects to self-insure certifies that it will provide security equivalent to the security afforded by an insurance policy. *Turner*, 327 Mich App at 499-500. The majority now reinstates judgment in favor of EAN because, as a self-insured entity, EAN was not required under MCL 500.3101(1) or MCL 500.3102(1) to obtain no-fault insurance for the vehicles at issue, and it could not have constituted the "insurer of the owner or registrant of the vehicle occupied" under former MCL 500.3114(4)(a). Because I do not construe the plain language of these statutes as the majority does, I respectfully dissent.

Construction of the plain language of former MCL 500.3114(4)(a) is straightforward: an uninsured person suffering injury "while an occupant of a motor vehicle" claims PIP benefits from "the insurer of the owner or registrant of the vehicle occupied . . . ." An insurer, like EAN, who has agreed to provide Michigan PIP coverage to the owner or the registrant of the vehicle occupied, like Enterprise, is first in priority to provide PIP coverage to uninsured occupants of that vehicle. There is no express exception in former MCL 500.3114(4)(a) for vehicles not required to be insured in Michigan. Based on the language of the statutes, registration and security are not conditions precedent to priority. As we have consistently recognized, absent specific language to the contrary, coverage under the no-fault act should not be conflated with the security and registration requirements of the act. *Lee v Detroit Auto Inter-Ins Exch*, 412 Mich 505, 513 (1982). In *Lee*, this Court found that there was nothing in the language of MCL 500.3105(1) tying coverage to the registration and security requirements of MCL 500.3101(1) and MCL 500.3102(1), and it held that we could not insert that connection through artful statutory construction:

It is noteworthy that [MCL 500.3105(1)] declares that entitlement to benefits depends, in part, upon "use of a motor vehicle as a motor vehicle". There is no language qualifying the right to benefits or the insurer's duty to pay them with a requirement that such motor vehicle be a "registered", "insured", or "covered" motor vehicle as indeed might easily have been done had the Legislature so intended. The requirement is merely that the vehicle involved be a "motor vehicle" used, maintained, operated or owned "as a motor vehicle".

We are not left to speculate about whether the Legislature intended the expression "motor vehicle" to mean a covered or registered or insured motor vehicle when it used those words as an expression of art throughout the statute. The meaning of that expression is explicitly set down in the definitional section of the act . . . .

Conspicuously absent is any language limiting "motor vehicle" to one required to be registered in the state or for which no-fault security must be maintained. [*Lee*, 412 Mich at 512-513.]

I would follow *Lee* and construe priority under former MCL 500.3114(4)(a) as separate and distinct from the registration and security requirements of MCL 500.3101(1) and MCL 500.3102(1).[1]

The majority acknowledges that the link between former MCL 500.3114(4)(a) and MCL 500.3101(1) is not found in the actual language of the statutes. Rather, the majority contends that the link is "implicit" in former MCL 500.3114(4)(a) when the act is construed as a whole. The majority construes MCL 500.3101(1) and MCL 500.3102(1) as requiring an owner or registrant to "obtain a no-fault insurer" and then links that implicitly required insurer to the insurer referred to as first in priority in former MCL 500.3114(4)(a). I disagree with this approach. Had the Legislature meant to link priority under former MCL 500.3114(4)(a) to the registration and security requirements of the act, it presumably would have employed language to that effect—i.e., "[t]he insurer of the owner or registrant of the vehicle occupied [*with respect to which the security required by MCL 500.3101 was in effect*]" or "[t]he insurer of the owner or registrant of

---

[1] While the majority is correct that we do not require the Legislature to be overly repetitive in its choice of language, we do follow the plain meaning of the statute when the Legislature uses certain and unambiguous language. *Honigman Miller Schwartz and Cohn LLP v Detroit*, 505 Mich ___, ___ (2020), quoting *Danse Corp v Madison Hts*, 466 Mich 175, 181-182 (2002) (" 'Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written.' "). In this case, I disagree with the majority that construction of the statutes at issue is merely an exercise in construing a term consistently within a single statute. Rather, I believe the majority is improperly inserting language from one statute into another despite the fact that the Legislature did not see fit to do the same.

the vehicle occupied [*if that vehicle was required to be insured under MCL 500.3101*].” See *Carson City Hosp v Dep't of Community Health*, 253 Mich App 444, 447-448 (2002) (“When the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional.”); see also *In re MKK*, 286 Mich App 546, 556-557 (2009) (stating that our Legislature is presumed to be aware of the consequences of its use of statutory language as well as its effect on existing laws).

Citing our decision in *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191 (1986), the majority reasons that Enterprise did not need to “obtain an insurer” under MCL 500.3101(1) and MCL 500.3102(1) because the vehicles were not required to be registered in this state and were not operated in the state for more than 30 days within the calendar year and, therefore, EAN cannot be considered the insurer of priority under former MCL 500.3114(4)(a). I agree with the Court of Appeals majority that *Parks* does not control the analysis here because a different subsection of the statute was at issue in *Parks* and, hence, any statement regarding the proper construction of former MCL 500.3114(4)(a) in *Parks* was dicta. In addition, while I believe that *Parks* incorrectly tied priority under MCL 500.3114(3) to the registration and security requirements of MCL 500.3101(1) and MCL 500.3102(1), it is not necessary to overrule *Parks* in this case because MCL 500.3114(3) and former MCL 500.3114(4)(a) are not worded identically. As the appellee points out, MCL 500.3114(3) does not refer to the insurer of the *owner* of the vehicle but rather refers to the insurer of *the vehicle itself*.[2] In any event, I would not extend *Parks* beyond the statute at issue there. Further, even if there is an implicit link between priority under former MCL 500.3114(4)(a) and the registration and security requirements of the act, I believe that link is satisfied in these cases. MCL 500.3101(1) states that an owner or registrant must “maintain security for payment of benefits,” and MCL 500.3102(1) states that an owner or registrant is excused from maintaining

---

[2] I recognize that, as a general principle, the no-fault statutory scheme centers on insuring people, not vehicles, against loss. *Lee*, 412 Mich at 516. Accordingly, it is not surprising that many of the statutory coverage provisions speak in terms of coverage for an insured person, rather than coverage for an insured vehicle. But some statutory provisions do speak in terms of the vehicle rather than the person and, when they do, we must construe those statutes as actually written, regardless of whether those provisions follow the general scheme of “people, not vehicles.” In other words, whether a statutory provision ties priority to an individual (such as former MCL 500.3114(4)(a)) or to the vehicle (such as the exclusion in MCL 500.3113(b) and *Dye*), it should be construed accordingly.

that security if the vehicle does not have to be registered in this state or is driven within this state less than an aggregate of 30 days in any calendar year. Enterprise did "maintain security" by self-insuring through EAN, regardless of whether it was required to under MCL 500.3102(1).[3] Because Enterprise did maintain security for the vehicles through EAN, EAN was the insurer of the owner of the vehicle occupied by the plaintiffs and was first in priority under former MCL 500.3114(4)(a). Accordingly, I would affirm the decision of the Court of Appeals.

VIVIANO, J., joins the statement of CAVANAGH, J.

WELCH, J., did not participate in the disposition of this case because the Court considered it before she assumed office.

---

[3] While the required security is most often acquired by "obtain[ing] a no-fault insurer," the statute specifically states that the security "may be provided by any other method approved by the secretary of state as affording security equivalent to that afforded by a policy of insurance" and that "[t]he person filing the security has all the obligations and rights of an insurer under this chapter." MCL 500.3101(5).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 29, 2021



Clerk

t0126