GRIMM v DEPARTMENT OF TREASURY

Docket No. 293457. Submitted November 5, 2010, at Grand Rapids. Decided December 16, 2010, at 9:00 a.m.

Petitioner, Robert S. Grimm, a corporate officer of Affiliated Insurance Agency, was assessed by respondent, the Department of Treasury, more than a million dollars in unpaid corporate taxes under MCL 205.27a(5). Petitioner's counsel received notice of the final assessment from respondent on August 1, 2008, in a letter dated July 22, 2008. On August 5, 2008, petitioner's counsel gave a petition contesting the final assessment to a delivery service designated by the Tax Tribunal for the delivery of such petitions. The Tax Tribunal received the petition from the overnight delivery service on August 6, 2008. On December 16, 2008, the Tax Tribunal entered an order placing petitioner in default because proof of service to the respondent was lacking, as were the assessment numbers being appealed. Petitioner's counsel then provided the required proof of service, but not the assessment numbers being appealed. On January 8, 2009, the Tax Tribunal entered an order dismissing the petition because the default had not been cured. Petitioner received copies of the assessments on February 19, 2009, and, instead of moving to set aside the dismissal, filed the assessment numbers being appealed with the Tax Tribunal on March 9, 2009. The parties then filed a joint stipulation requesting an abeyance pending the outcome of an informal conference regarding the assessments. The Tax Tribunal denied the motion to abey, reasoning that because the matter had already been dismissed good cause to grant the motion was lacking. The Tax Tribunal also determined that the original petition was untimely filed and that it, thus, had lacked authority to consider the petition at the outset. The Tax Tribunal ordered that its January 8, 2009, order be corrected to indicate that the untimely filing of the petition resulted in the dismissal of the case. Petitioner appealed.

The Court of Appeals *held*:

1. MCL 205.735a establishes the filing deadlines for petitions contesting tax assessments. Under the statute, a petition regarding the assessment at issue in this case, personal liability for

unpaid corporate taxes under MCL 205.27a(5), must be filed within 35 days after the final assessment. Under MCL 205.735a(7)(c), a petition will be deemed to be timely filed if it is given to a designated delivery service on or before the expiration of the 35-day period and the petition is delivered by the designated delivery service. August 5, 2008, was the last day of the 35-day period that petitioner had to file the petition. The petition was timely filed because petitioner gave the petition to the designated delivery service on August 5, 2008, even though it was not delivered until August 6, 2008. The Tax Tribunal erred in ordering dismissal on the basis that the petition was untimely.

2. The Tax Tribunal should consider the following factors before imposing the sanction of dismissal for failure to comply with its rules or orders: (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous orders of the Tax Tribunal; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the Tax Tribunal's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. The record should reflect that the Tax Tribunal, when considering the sanction of dismissal, gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it.

3. Petitioner's failure to produce the assessment numbers was not willful and he had no history of deliberately delaying the proceedings or refusing to abide by the Tax Tribunal's orders. There was no showing that respondent was prejudiced by petitioner's failure to timely cure the defect. Because respondent issued the assessments, it is reasonable to expect that respondent would have been able to determine the assessment numbers corresponding to the periods identified in petitioner's petition. The degree of noncompliance and the lack of resulting prejudice did not warrant dismissal. The Tax Tribunal abused its discretion by dismissing the petition on the basis of petitioner's failure to provide the assessment numbers within the period allotted.

Reversed and remanded.

1. TAXATION — TAX TRIBUNAL — FILING OF PETITIONS IN TAX TRIBUNAL — DESIGNATED DELIVERY SERVICES.

A petition filed in the Tax Tribunal is considered filed on or before the expiration of the period provided in MCL 205.735a for the filing of the petition if the petition is given to a delivery service

designated by the Tax Tribunal for delivery on or before the expiration of the time period and the petition is delivered by the designated delivery service.

2. TAXATION — TAX TRIBUNAL — DISMISSALS.

The Tax Tribunal, before imposing the sanction of dismissal for failure to comply with its rules or orders, should consider (1) whether the violation was willful or accidental, (2) the party's history of refusing to comply with previous orders of the Tax Tribunal, (3) the prejudice to the opposing party, (4) whether there exists a history of deliberate delay, (5) the degree of compliance with other parts of the Tax Tribunal's orders, (6) attempts to cure the defect, and (7) whether a lesser sanction would better serve the interests of justice.

*Kemp Klein Law Firm* (by *Richard Bisio*) for petitioner.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Heather M. S. Durian*, Assistant Attorney General, for respondent.

Before: M. J. KELLY, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM. Petitioner appeals as of right the Michigan Tax Tribunal's order denying the parties' joint motion to abey and dismissing his petition contesting a final assessment for $1,707,147 of unpaid corporate taxes. The Tax Tribunal ultimately dismissed the petition because it found that the petition was untimely filed. We reverse and remand for further proceedings.[1]

I. BASIC FACTS

Petitioner is a corporate officer of Affiliated Insurance Agency. On July 1, 2008, respondent, the Michigan

---

[1] This appeal has been decided without oral argument pursuant to MCR 7.214(E).

Department of Treasury, assessed petitioner over a million dollars in unpaid corporate taxes from certain tax periods in 2006 and 2007. These taxes were assessed against petitioner individually under MCL 205.27a(5), which permits such an assessment against a corporate officer who has "control or supervision of, or responsibility for" paying the corporation's taxes.

On August 1, 2008, petitioner's counsel received notice of the final assessment from the department in a letter dated July 22, 2008.[2] On August 5, 2008, petitioner's counsel delivered the petition contesting the final assessment to Federal Express (FedEx) for overnight delivery. The Tax Tribunal received the petition the next day. Petitioner alleged that he was not individually liable for the withheld taxes because he did not have control of the corporation's financial decisions.

On December 16, 2008, the Tax Tribunal entered an order placing petitioner in default because proof of service to the opposing party was lacking, as were the assessment numbers being appealed. On December 31, 2008, petitioner's counsel provided the required proof of service. However, petitioner did not provide the Tax Tribunal with the assessment numbers being appealed, despite efforts to obtain the assessments from respondent. Thus, the Tax Tribunal entered an order of dismissal against petitioner on January 8, 2009, reasoning that petitioner had failed to cure the default.

---

[2] Apparently, petitioner did not receive notice of the final assessment until August 1, 2008, and respondent has not shown otherwise, i.e., there is no proof that the final assessment was mailed in early July. Notably, respondent's July 22 letter to petitioner suggests that petitioner did have some type of notice because it states, "We have received and processed your correspondence, dated July 11, 2008, regarding Corporate Officer Liability." However, it cannot be inferred on the basis of this statement that petitioner was in possession of the final assessment numbers.

Petitioner finally received copies of the assessments on February 19, 2009. Instead of moving to set aside the dismissal, petitioner filed the assessment numbers with the Tax Tribunal on March 9, 2009. Subsequently, on March 12, 2009, the parties filed a joint stipulation requesting an abeyance pending the outcome of an informal conference to contest the assessments, consistent with MCL 205.21(2)(c) and (d). On March 26, 2009, the Tax Tribunal denied the parties' joint motion to abey, reasoning that because the case had already been dismissed good cause to grant the motion was lacking. The Tax Tribunal also determined that the original petition was untimely filed, citing MCL 205.22 and *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538; 656 NW2d 215 (2002), and that it, thus, lacked authority to consider the petition at the outset. It ordered that the January 8, 2009, order be corrected to indicate that the untimely filing of the petition resulted in the dismissal of the case. Petitioner moved for a rehearing, but the Tax Tribunal denied the motion. This appeal followed.

## II. WAS THE PETITION UNTIMELY FILED?

Petitioner first argues that the Tax Tribunal erroneously determined that the original petition was untimely filed on August 6, 2008, the date it was received, rather than timely filed on August 5, 2008, the date counsel gave it to FedEx. Resolution of this issue requires the interpretation and application of a statute to undisputed facts, which present questions of law that we review de novo. *Alvan Motor Freight, Inc v Dep't of Treasury*, 281 Mich App 35, 38; 761 NW2d 269 (2008). This Court's primary goal in interpreting a statute is to determine and give effect to the Legislature's intent. *Kmart Mich Prop Servs, LLC v Dep't of Treasury*, 283

Mich App 647, 650; 770 NW2d 915 (2009). Our analysis begins with an examination of the language used. "If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible." *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). "[A] provision of the law is ambiguous only if it 'irreconcilably conflict[s]' with another provision or when it is *equally* susceptible to more than a single meaning." *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004). However, this Court will generally defer "to the Tax Tribunal's interpretation of a statute that it is delegated to administer." *Beznos v Dep't of Treasury (On Remand)*, 224 Mich App 717, 721; 569 NW2d 908 (1997).

Because this case was commenced after December 31, 2006, MCL 205.735a, which governs the Tax Tribunal's jurisdiction in assessment disputes, is applicable. MCL 205.735a(1). MCL 205.735a provides, in relevant part:

> (6) The jurisdiction of the tribunal in an assessment dispute as to . . . commercial real property, industrial real property, developmental real property, commercial personal property, industrial personal property, or utility personal property is invoked by a party in interest, as petitioner, filing a written petition on or before May 31 of the tax year involved. The jurisdiction of the tribunal in an assessment dispute as to . . . agricultural real property, residential real property, timber-cutover real property, or agricultural personal property is invoked by a party in interest, as petitioner, filing a written petition on or before July 31 of the tax year involved. *In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination. . . .*

(7) A petition is considered filed on or before the expiration of the time period provided in this section or by law if 1 or more of the following occur:

(a) The petition is postmarked by the United States postal service on or before the expiration of that time period.

(b) The petition is delivered in person on or before the expiration of that time period.

(c) *The petition is given to a designated delivery service for delivery on or before the expiration of that time period and the petition is delivered by that designated delivery service* or, if the petition is not delivered by that designated delivery service, the petitioner establishes that the petition was given to that designated delivery service for delivery on or before the expiration of that time period. [Emphasis added.]

MCL 205.735a(6) establishes filing deadlines for petitions contesting tax assessments. The first two sentences of subsection (6) address deadlines for contesting certain types of assessments related to real or personal property not involved in the present matter. In all other matters, which would included the assessment at issue here—personal liability for unpaid corporate taxes, MCL 205.27a(5)—the petition must be filed within 35 days after the final assessment. Here, the parties do not dispute that the petition would have been timely filed within this 35-day period if it is considered to have been filed on August 5, 2008. And, it is also clear that the petition was given to a designated delivery service on August 5, 2008, because the FedEx mailing envelope is marked "05AUG08 19:13."[3]

---

[3] Under MCL 205.735a(11), " 'designated delivery service' [as used in MCL 205.735a] means a delivery service provided by a trade or business that is designated by the tribunal for purposes of this subsection." Tribunal Notice 2007-6, issued December 20, 2007, and effective Decem-

Thus, the question becomes: Was the petition, which was given to FedEx on August 5, 2008, timely filed consistent with MCL 205.735a(7)? Because it is undisputed that petitioner used a designated delivery service, FedEx Priority Overnight, only subdivision (c) of subsection (7) is applicable. Under this provision, as applicable to the present matter, a petition will be timely filed if it "is given to a designated delivery service for delivery on or before the expiration of that time period and the petition is delivered by that designated delivery service . . . ."

In our view, this portion of the provision is unambiguous. It simply means that the petition must be given to a designated delivery service for delivery on or before the deadline date—it does not have to be delivered by that date—and it must be delivered by that same designated delivery service. This interpretation is supported by Tribunal Notice 2006-5, issued December 28, 2006, and effective December 31, 2006, which provides the following guidance:

> Appeals are deemed to be filed by the appropriate deadline date if received on that date, mailed by first-class mail provided the envelope is postmarked by the United States Postal Service on or before that date, *or delivered by one of the delivery services designated herein provided the appeal was given to the delivery service on or before that date*. [Emphasis added.]

We find this guidance to be persuasive. Tax Tribunal notices are intended to "provide the public an understanding of the Tribunal's interpretation of the Tax Tribunal Act" and its "internal processing practices," and to "assist the Tribunal in clarifying the internal processing practices for administrative staff and ensure

_____

ber 31, 2007, includes FedEx, and specifically FedEx Priority Overnight, as a designated delivery service for purposes of MCL 205.735a.

uniform, efficient processing of cases among the Tribunal members and its administrative staff." Tribunal Notice 2004-1, issued May 13, 2004. Further, the Tax Tribunal's interpretation is convincing, inasmuch as it does not clearly conflict with MCL 205.735a(7)(c) and it is consistent with the treatment of a filing when it is mailed through the United States Postal Service, i.e., a petition is timely filed if it is postmarked on or before the expiration date of the time period, MCL 205.735a(7)(a). Thus, affording "respectful consideration" to the Tribunal Notice and absent "cogent reasons" for overruling it, *Kmart Mich Prop Servs*, 283 Mich App at 651 (quotation marks and citations omitted), we conclude that under MCL 205.735a(7)(c), a petition will be timely filed if a designated delivery service is given the petition on or before the deadline date and it is subsequently delivered by that same delivery service.

As noted, August 5, 2008, was the last day of the 35-day period that petitioner had to file his petition. See MCL 205.735a(6). And, because petitioner gave the petition to FedEx on August 5, 2008, the petition was timely filed, even though the Tax Tribunal received it the next day after the expiration of the filing deadline. See MCL 205.735a(7)(c). Accordingly, the Tax Tribunal's order of dismissal on the basis that the petition was untimely filed was erroneous.

### III. WAS PETITIONER'S FAILURE TO CURE THE DEFAULT GROUNDS FOR DISMISSAL?

Petitioner also challenges the Tax Tribunal's January 8, 2009, original order of dismissal in which the Tax Tribunal dismissed the petition on the basis of petitioner's failure to timely correct the default. Specifically, petitioner did not identify the assessment numbers

being appealed within the required 21 days. We agree with petitioner. We review for an abuse of discretion a decision by the Tax Tribunal to dismiss a petition for failure to comply with its rules or orders. *Prof Plaza, LLC v Detroit*, 250 Mich App 473, 475; 647 NW2d 529 (2002). The abuse-of-discretion standard recognizes that there will be circumstances in which there will be more than one reasonable and principled outcome, and selection of one of these principled outcomes is not an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Petitioner contends that this Court's evaluation of factors analogous to those cited in *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501; 536 NW2d 280 (1995), would indicate that the dismissal was an abuse of discretion and urges the adoption of similar factors here. In *Vicencio*, this Court summarized the factors that a trial court applying the Michigan Court Rules should consider before imposing the sanction of dismissal, including:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.* at 507.]

This Court has also evaluated the propriety of Tax Tribunal sanctions by considering similar factors, albeit in unpublished cases.[4] We find the analogy appropriate and adopt the factors summarized in *Vicencio* for the

---

[4] See, e.g., *Patmon v Dep't of Treasury*, unpublished opinion per curiam of the Court of Appeals, issued February 22, 2002 (Docket No. 227050), pp 3-4. While we acknowledge that unpublished cases are not binding,

Tax Tribunal to consider before imposing the drastic sanction of dismissal. When considering the sanction of dismissal, the record should reflect that the Tax Tribunal "gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it." *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled in part on other grounds in *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LCC*, 481 Mich 618, 628; 752 NW2d 37 (2008).

Here, petitioner failed to comply with the Tax Tribunal's directive that it provide the assessment numbers being appealed within 21 days of the December 16, 2008, order. However, nothing in the record indicates that petitioner's failure to produce the assessment numbers was willful or that petitioner had a history of deliberately delaying the proceedings or refusing to abide by Tax Tribunal orders. Nor do we see how respondent would be prejudiced by petitioner's failure to timely cure the defect. Indeed, because the petition indicated that the dispute concerned "the full amount of the Final Assessment, presumably $1,707,147.49, for withholding taxes, for 02/06-10/06, 12/06, 01/07-03/07, 06/07, and 8/07," and because respondent issued the assessments, it is reasonable to expect that respondent would have been able to determine the assessment numbers corresponding to the identified periods. Thus, the degree of noncompliance and lack of resulting prejudice does not warrant dismissal, see *Stevens v Bangor Twp*, 150 Mich App 756, 761; 389 NW2d 176 (1986) (concluding that the dismissal of a petition on the basis of the petitioner's counsel's failure to appear at a conference was an abuse of discretion), especially

MCR 7.215(C)(1), this Court may view them as persuasive, *Dyball v Lennox*, 260 Mich App 698, 705 n 1; 680 NW2d 522 (2004).

where there is no evidence on the record that petitioner was in possession of the assessment numbers. Accordingly, we conclude that the Tax Tribunal abused its discretion by dismissing the petition on the basis of the failure to provide the assessment numbers within 21 days.

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.