# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS GIANNELLI,

       Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

       Respondent-Appellee.

UNPUBLISHED
July 26, 2016

No. 326590
Michigan Tax Tribunal
LC No. 14-003986

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

In this appeal from the Michigan Tax Tribunal (MTT), petitioner Thomas Giannelli appeals as of right the March 9, 2015 order of MTT Judge Steven H. Lasher denying petitioner's motion for reconsideration of the MTT's order dismissing his case. We affirm.

This case arises out of the Michigan Department of Treasury's denial of petitioner's claim for a Principal Residence Exemption (PRE) for tax years 2010 and 2011, for property located at 3415 Benjamin Avenue in Royal Oak, Michigan. Petitioner appealed the denial to the Hearings Division of the Michigan Department of Treasury, which entered a decision and order adopting the informal conference referee's recommendation and denying petitioner's requested PRE. Petitioner appealed that decision to the small claims division of the MTT. A hearing was scheduled on January 7, 2015, before the MTT, but neither petitioner nor his attorney appeared at the hearing. Instead, the morning of the hearing, petitioner's attorney's office manager faxed a letter to the MTT judge requesting an emergency adjournment. That motion for adjournment of the hearing was denied, and the MTT later dismissed petitioner's case. Petitioner moved the MTT to reconsider its denial of his motion to adjourn the hearing, but the MTT denied that motion. Petitioner also moved the MTT to reconsider its order dismissing his case, and the MTT denied that motion as well.

Petitioner on appeal to this Court now claims that the MTT erred by denying his motion to reconsider its order dismissing his case. This Court "review[s] for an abuse of discretion a decision by the Tax Tribunal to dismiss a petition for failure to comply with its rules or orders." *Grimm v Treasury Dep't*, 291 Mich App 140, 149; 810 NW2d 65 (2010). However, in this case we find that petitioner's claim on appeal is wholly abandoned.

Although petitioner in his question presented purports to bring a claim that the trial court erred in its order denying his motion for reconsideration of the order of dismissal, defendant

-1-

completely fails to actually address the order of dismissal or the order denying his motion for reconsideration. In fact, the only mention of the dismissal and denial of the motion for reconsideration is found in a portion of petitioner's appellate brief labeled "Introduction." The statement of facts and the argument sections of appellant's brief do not contain a single reference to the proceedings in this case before the MTT, and it is the MTT's disposition of this case that is now before this Court for review. Failure to brief an issue on appeal results in the abandonment of that issue. *Steward v Panek*, 251 Mich App 546, 558; 652 NW2d 232 (2002). An appellant may not " 'simply [] announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.' " *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998), quoting *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Petitioner states in his brief on appeal that "the quantitative issue is whether or not if the Petitioner/Appellant has shown and proven with sufficient evidence that he occupied the property as his principal residence during the years of 2010 and 2011." Petitioner's brief focuses exclusively on the underlying merits of whether he should have received a PRE—there are approximately 50 pages of unmarked exhibits attached to petitioner's brief on appeal apparently meant to convince this Court that petitioner should have received a PRE. However, the issue actually before this Court is whether the MTT abused its discretion by dismissing petitioner's case and denying his motion to reconsider that dismissal. Because petitioner fails to address the basis of the MTT's decision, this Court "need not even consider" granting petitioner the relief he seeks. *Joerger v Gordon Food Serv, Inc*, 224 Mich App 167, 175; 568 NW2d 365 (1997).

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher