# STATE OF MICHIGAN

# COURT OF APPEALS

PEACH TREE ASSOCIATION, LLC,

        Petitioner-Appellant,

v

HENRIETTA TOWNSHIP,

        Respondent-Appellee.

UNPUBLISHED
July 20, 2017

No.  333180
Michigan Tax Tribunal
LC No.  15-000427-TT

Before:  MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Petitioner appeals by right the order of the Michigan Tax Tribunal ("the Tribunal") dismissing its appeal of respondent's assessment of ad valorem property taxes for tax year 2015. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In April 2015, petitioner filed a petition with the Tribunal's Small Claims Division, seeking to appeal respondent's assessment of the taxable value of its property following a denial of its petition by respondent's Board of Review.  The Tribunal initially held petitioner in default for failing to attach to its petition documentation related to the Board of Review's decision.  The Tribunal also entered an order of partial dismissal relative to petitioner's claim of appeal for tax years other than 2015.  The record does not reveal precisely how these orders were delivered to petitioner or respondent, but they were accompanied by proofs of service signed by a Tribunal employee stating that true copies were sent to the parties or their attorneys "utilizing either the mailing or email addresses on file, as provided by those parties, attorneys, or authorized representatives."  However, at this stage in the proceedings, petitioner was not represented by an attorney or authorized representative and therefore left blank the portion of the petition entitled "Section 2:  Petitioner's Attorney/Authorized Representative's Contact Information".  Petitioner also wrote "N/A" in the "Email Address" block under "Section 1:  Petitioner's Contact Information."  Also in April 2015, the Tribunal entered an order holding respondent in default for failing to timely answer the petition.

Petitioner and respondent both timely filed motions to set aside their respective defaults. In June 2015, the Tribunal issued an order holding petitioner's motion in abeyance and extending the time for petitioner to cure the default against it, noting that, while petitioner had attached a copy of the 2015 assessment to its motion, it had neglected to attach a copy of the Board of

-1-

Review's decision. Further, petitioner had failed to provide proof that it had served respondent with a copy of its motion to set aside default. The Tribunal set aside the default with respect to respondent, noting that respondent had provided a completed answer to the petition.

In July 2015, Attorney William H. Noud, Jr. entered his appearance before the Tribunal on behalf of petitioner. Beneath his signature on the appearance, Noud provided the physical address, phone number and post office box number of his firm, as well as the email address William@noudandnoud.com. Petitioner then filed an amended motion to set aside the default. The Tribunal granted the motion and sent a copy of the order setting aside the default, via email, to the email address provided by Noud, from the email account BarbourC1@michigan.gov. The Tribunal then scheduled a hearing before a referee for December 2015. The hearing notice was delivered via email to Noud from the email account taxtrib@michigan.gov. Noud appeared for this hearing.

Following the hearing, the Tribunal determined that neither party had provided relevant, credible, reliable, or supported evidence of the property's true cash value (TCV). The Tribunal therefore issued a proposed order stating that a rehearing "shall be scheduled in the normal course of scheduling." The Tribunal served a copy of this proposed order via email to Noud from the account DesgrangesV@michigan.gov. Neither party objected to the proposed order within the relevant time period, and the proposed order was adopted as a final order in January 2016. See MCL 205.762(2).

In February 2016, the Tribunal issued an order scheduling the rehearing of petitioner's case for April 2016. This order was delivered via email to Noud from the email account BarbourC1@michigan.gov. According to Noud, and unbeknownst to him at the time, this email was automatically rerouted by his email program to a folder called "Clutter," although the earlier email from the same address had not suffered the same fate. Consequently, Noud was unaware of the scheduled rehearing, and no one appeared at the rehearing on behalf of petitioner. The Tribunal issued an order dismissing petitioner's case. This order was provided to Noud via email from the taxtrib@michigan.gov address.

Noud filed a motion for reconsideration, arguing that neither he nor petitioner had received notice of the rehearing date and time.[1] The Tribunal denied petitioner's motion for reconsideration in May 2016, finding that the order scheduling rehearing had been sent via email to the address Noud had identified in his appearance and had not been returned as undeliverable. According to Noud, the email attaching the denial order, which was sent from the BarbourC1@michigan.gov address, had also been rerouted to the Clutter folder without his knowledge. Noud asserts that after receiving a copy of the May 2016 order via facsimile and learning that the Tribunal had denied his motion for reconsideration, he investigated why he was unaware of the emailed orders, and he discovered the issue with the Clutter folder.

---

[1] Noud asserts on appeal that at the time he filed the motion for reconsideration he was not yet aware of the issue with his email program and the Clutter folder. Therefore, he did not raise the issue with the Tribunal in that motion.

This appeal followed.

## II. TAX TRIBUNAL'S AUTHORITY TO ALLOW SERVICE VIA EMAIL

Petitioner first argues that the Tribunal erroneously interpreted MCL 205.752 as allowing it to serve copies of decisions or orders by email to parties or their counsel. We decline to address this issue. Petitioner did not raise this argument before the Tribunal, even in its motion for reconsideration. We need not address issues first raised on appeal unless manifest injustice will result by this Court's declining to address this issue. *Polkton Twp v Pellegrom*, 265 Mich App 88, 104; 693 NW2d 170 (2005). Because we hold in Part III of this opinion that remand is required, manifest injustice will not result, and we therefore decline to address this issue first raised on appeal.[2] *Id.*

## III. APPROPRIATENESS OF SANCTION

Petitioner next argues that the Tribunal abused its discretion by imposing the sanction of dismissal as a consequence of Noud's failure to attend the April 2016 rehearing. We agree. We review for an abuse of discretion the Tribunal's decision to dismiss a petition for noncompliance with its rules or orders. *Grimm v Treasury Dep't*, 291 Mich App 140, 149; 810 NW2d 65 (2010).

In *Grimm*, this Court adopted the factors summarized in *Vicencio v Jaime Ramirez, M.D., P.C.*, 211 Mich App 501, 507; 536 NW2d 280 (1995), as factors the Tribunal should consider before imposing the sanction of dismissal on a petitioner. *Grimm*, 291 Mich App at 70. Those factors are:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.* at 70, quoting *Vicencio*, 211 Mich App at 507.]

"When considering the sanction of dismissal, the record should reflect that the Tax Tribunal gave careful consideration to the factors involved and considered all its options in determining what

---

[2] We note that had Noud felt that receiving orders and decisions of the Tribunal via email was inappropriate or legally unsound, he could simply have omitted his email address on the appearance he filed with the Tribunal. Although perhaps inadvertent, the fact remains that Noud initially provided the Tribunal with an email address, received copies of its orders via email, and never, until this appeal, raised the issue of the Tribunal's alleged lack of authority to provide copies of its opinions and orders in such a fashion. We generally do not review asserted errors to which a party acquiesced or which it deemed proper in the proceedings below. See *Marshall Lasher, P.C. v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002), citing *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989).

sanction was just and proper in the context of the case before it." *Id*. (quotation marks and citation omitted).

In this case, we recognize that the Tribunal's notice scheduling the December 2015 in-person hearing informed petitioner that the failure to attend an in-person hearing could result in the dismissal of its case; however, it appropriately did not state definitively that dismissal is the sanction that would initially be imposed. We also recognize that the problems with Noud's email program are his and not the Tribunal's. Nonetheless, we conclude from the record that Noud's failure to appear was accidental or inadvertent, rather than wilful. And although petitioner encountered some initial difficulty in providing the Tribunal with proper documentation, it worked diligently to rectify those issues and to have the default set aside. Further, the prejudice to respondent in allowing a lesser sanction is slight, if existent—respondent has not yet responded to petitioner's brief on appeal and has not identified any prejudice that it would incur apart from having to attend a second rehearing. There is no history of deliberate delay or noncompliance with other orders of the Tribunal. Petitioner attempted to cure its failure to appear by filing a motion for reconsideration immediately upon becoming aware of the dismissal order. And, from the record before us, a lesser sanction, such as (as petitioner suggests on appeal) the imposition of costs for respondent's attendance at the rehearing that petitioner failed to attend, would seem to sufficiently serve the interests of justice, given the specific circumstances of this case. *Grimm*, 291 Mich App at 70.

Moreover, we cannot discern from the record any evidence that the Tribunal considered the *Vicencio* factors, or otherwise considered a lesser sanction, in dismissing petitioner's case. Although, in the context of denying petitioner's motion for reconsideration, the Tribunal appears to have considered the fact that its emails were properly sent and not returned as undeliverable, its order also does not state that it considered the *Vicencio* factors or any lesser sanction when it imposed the sanction of dismissal upon petitioner. *Id*.

While it is up to the Tribunal to determine on remand the appropriate sanction, we find it appropriate, on the record currently before this Court, to reverse the Tribunal's dismissal and to remand for the Tribunal to consider the appropriateness of lesser sanctions. Should the Tribunal still wish to dismiss petitioner's case, it should provide a record from which we can determine that it "gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it." *Id*. (quotation marks and citation omitted).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra