# STATE OF MICHIGAN

# COURT OF APPEALS

---

DIANE HARRIS,

       Plaintiff/Third-Party Defendant-
Appellant,

v

GREEKTOWN SUPERHOLDINGS, INC., doing
business as GREEKTOWN CASINO, LLC, and
CAROLYN SIMANCIK,

       Defendants,

and

BARRY A. SEIFMAN and BARRY A.
SEIFMAN, PC,

       Third-Party Plaintiffs-Appellees,

v

RAYMOND GUZALL III and RAYMOND
GUZALL III, PC,

       Third-Party Defendants-Appellants.

UNPUBLISHED
October 31, 2017

No. 331652
Wayne Circuit Court
LC No. 12-003001-CD

---

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

       This appeal involves the distribution of attorney fees associated with plaintiff Diane Harris's employment discrimination action against defendants Greektown Superholdings, Inc., and Carolyn Simancik. Harris was represented in the action by third-party defendant Raymond Guzall III. The action culminated in a judgment in excess of $600,000 in favor of Harris. Guzall's former law partner, Barry A. Seifman, thereafter claimed an attorney lien against the judgment, asserting that Guzall began representing Harris while a member of the now-defunct law firm of Seifman & Guzall and that Seifman was entitled to a share of the attorney fees generated in the case pursuant to a shareholder agreement between himself and Guzall. Seifman

and his current law firm, Barry A. Seifman, PC, were allowed to intervene in the action as third-party plaintiffs to pursue his claim against Guzall and his current law firm, Raymond Guzall III, PC.[1] In an earlier appeal by Harris challenging Seifman's intervention, this Court, while concluding that the trial court erred in permitting Seifman to intervene, ruled that the appeal had to be dismissed because Harris herself lacked standing to appeal; Guzall was not a party to that appeal. *Harris v Greektown Superholdings, Inc*, unpublished opinion per curiam of the Court of Appeals, issued August 20, 2015 (Docket No. 322088). Subsequently, the trial court scheduled and began conducting an evidentiary hearing to determine the distribution of attorney fees in the action, rejecting numerous arguments posed by Guzall before and during the hearing. With a motion to disqualify the trial judge pending, Guzall refused to appear at a scheduled continuation of the hearing until the disqualification motion was heard and decided. In response, the trial court held Guzall in contempt, striking all of his filings related to the attorney-fee dispute, defaulting him for his contemptuous conduct, and releasing the disputed attorney fees, which were being held in escrow, to Seifman. Guzall and Harris appeal that order as of right. We affirm.

Following two days of an evidentiary hearing on the issue regarding the distribution of attorney fees to Seifman, the hearing was adjourned, with a third day of proofs being scheduled for February 2, 2016. Guzall then filed a motion to disqualify the trial judge, and a hearing on the motion was scheduled for February 19, 2016, i.e., after the date scheduled for the continuation of the evidentiary hearing, despite Guzall's various efforts to have the motion for disqualification be heard and decided prior to continuation of the evidentiary hearing. In what can only be characterized as a contemptuous act of defiance, Guzall refused to continue participating in the evidentiary hearing absent a ruling on the disqualification motion, issuing the following written notice or ultimatum to the trial court and all other parties:

> Third Party Defendant Diane Harris and her attorney, Raymond Guzall III, provides [sic] this notice to the court and all other parties, that Third Party Defendant Diane Harris and her attorney, Raymond Guzall III, will not appear at any hearing scheduled for the continuation of the evidentiary hearing, until after the final determination upon . . . [the] motion to recuse [the trial judge] . . . has been entered by the court, or upon an appeal to the chief judge of the court, if necessary.

Guzall did not appear at the continued evidentiary hearing on February 2, 2016, resulting in the trial court's determination that Guzall was in contempt of court, given that he was aware of the scheduled hearing and that his failure to appear was willful and deliberate. As punishment for the contempt, the trial court struck all of Guzall's pleadings, motions, and documents related to Seifman's claim, defaulted Guzall, and ordered the release of escrowed attorney fees to Seifman.

---

[1] For ease of reference, we shall use the singular names "Guzall" and "Seifman" to refer collectively to each individual party and his respective law practice.

On appeal, Guzall raises issues regarding the law of the case doctrine, res judicata, as connected to an earlier Oakland County case between Guzall and Seifman, attorney-client privilege, Guzall's ability to represent himself and provide narrative testimony, the substance of Seifman's claim, and a host of other matters. We need not reach and resolve these issues, some of which may indeed have merit, given that we reject Guzall's arguments that the trial court erred in finding him in contempt, striking his pleadings, and defaulting him, rendering the other issues moot. Guzall argues that the trial court erred in holding him in contempt without first conducting a show cause hearing. He also contends that his conduct did not justify the contempt order or the penalties of default and striking of the pleadings.

"A trial court's findings in a contempt proceeding are reviewed for clear error and must be affirmed on appeal if there is competent evidence to support them." *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009). The ultimate decision to issue a contempt order rests in the sound discretion of the trial court, which we review for an abuse of discretion. *Id.* at 671. "If the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *Id.*

Contempt of court encompasses willful acts, omissions, or statements that tend to impair the authority or impede the functioning of a court. *In re Contempt of Dudzinski*, 257 Mich App 96, 108; 667 NW2d 68 (2003); *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995). "Courts have inherent independent authority, as well as statutory authority, to punish a person for contempt." *Robertson*, 209 Mich App at 436. Pursuant to MCL 600.1701(g), a court is authorized to hold a party or an attorney in contempt of court "for disobeying any lawful order, decree, or process of the court." See also MCL 600.1701(c) (an attorney can be held in contempt "for disobedience of any process of the court, or any lawful order of the court"). "A party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." *Kirby v Mich High Sch Athletic Ass'n*, 459 Mich 23, 40; 585 NW2d 290 (1998). The main purpose of a court's contempt authority is to sustain the power and preserve the effectiveness of the court. *Dudzinski*, 257 Mich App at 108. Punishment for contempt is proper when necessary to restore order in the courtroom or to ensure respect for the judicial process. *Id.* at 108-109.

Guzall's behavior constituted criminal contempt of court, as opposed to civil contempt. See *In re Contempt of Rochlin*, 186 Mich App 639, 644-648; 465 NW2d 388 (1990) (criminal contempt concerns punishment for a completed act of disobedience, so as to vindicate the authority of the court, whereas civil contempt regards a coercive effort by a court to force a noncompliant party to do an act that was commanded by the court). "When any contempt is committed other than in the immediate view and presence of the court, the court may punish it . . . after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend." MCL 600.1711(2); see also MCR 3.606(A). On the other hand, "[w]hen any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both." MCL 600.1711(1).

Guzall's act of contempt consisted of declaring to the trial court that he would not appear for the continued evidentiary hearing until his disqualification motion was first decided and then carrying through with his threat by not appearing on the scheduled date of the hearing. This

blatantly contemptuous conduct was effectively committed within the immediate view and presence of the trial court; therefore, there was no need for or entitlement to a show cause hearing or any other opportunity for Guzall to defend himself.[2]  While we would agree that the disqualification motion should have been heard before the evidentiary hearing was continued and, as mentioned above, that there may have been problematic rulings issued by the trial court along the way, Guzall, especially as an officer of the court, was not at liberty to willfully disobey the process of the court and impair the authority or impede the functioning of the court.  We will not reinforce Guzall's childish behavior in this matter, nor endorse the act of an attorney that seeks to dictate to a court when the court must rule on an issue.  Punishment for contempt is to ensure respect for the judicial process, *Dudzinski*, 257 Mich App at 108-109, which Guzall did not show here, and which must be shown by a party and counsel even in the face of unfavorable rulings.[3]

Furthermore, the sanctions imposed by the trial court in striking Guzall's filings and entering a default were proper for purposes of punishing Guzall's contempt of court.  See MCR 2.504(B)(1) ("If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's actions or claims."); *In re Contempt of Dougherty*, 429 Mich 81, 91-92 n 14; 413 NW2d 392 (1987) (courts have inherent constitutional power to punish all contempts of court, which power cannot be abridged or restricted by statute).  Given the flagrant, offensive, and disrespectfully defiant nature of Guzall's contemptuous conduct, the drastic sanction of defaulting Guzall was not error and served the interests of justice.  *Grimm v Dep't of Treasury*, 291 Mich App 140, 149; 810 NW2d 65 (2010).  We also reject Guzall's argument that the default, which led to Seifman obtaining over $200,000 in fees, was in violation of MCL 600.1715(1), which only permits a fine of not more than $7,500 for contempt of court.  Guzall was not "fined" in excess of $200,000; that was simply the amount to which Seifman became entitled because of Guzall's default.  There was no violation of MCL 600.1715(1).  In sum, reversal is unwarranted.[4]

---

[2] Guzall is correct that this Court has observed "that an attorney's failure to appear in court on a hearing date is contempt committed outside the presence of the court."  *In re Contempt of McRipley*, 204 Mich App 298, 301; 514 NW2d 219 (1994).  However, this is not a case in which attorney Guzall, who is also a party, simply failed to appear at a hearing; this is a situation where Guzall announced beforehand directly to the court that he would not participate in further proceedings unless the court bowed to his demand to rule on the disqualification motion.

[3] Even in earlier proceedings in which Guzall did participate, the trial court chided him for rude and disrespectful behavior displayed toward the court, which included rolling his eyes at the court.

[4]  Guzall also challenges the trial court's imposition of a $500 sanction under MCR 2.114(E) for filing a frivolous motion for disqualification; however, he fails to address the grounds for ordering a sanction under MCR 2.114.  Instead, he reiterates arguments that the trial court committed numerous legal errors, which demonstrated its bias against Guzall, warranting the court's disqualification.  "A party abandons a claim when it fails to make a meaningful argument

Affirmed. Having fully prevailed on appeal, Seifman is awarded taxable costs under MCR 7.219.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

in support of its position." *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008). Moreover, given that Guzall's motion for disqualification was based purely on unfavorable legal rulings by the court, which generally do not support disqualification, *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001), the motion was not "warranted by existing law," MCR 2.114(D)(2), and thus there was no error in imposing sanctions under MCR 2.114(E), *Fette v Peters Constr Co*, 310 Mich App 535, 549-550; 871 NW2d 877 (2015).