*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH WINTER and SHERYL WINTER,

        Petitioners-Appellants,

v

TOWNSHIP OF MANISTEE,

        Respondent-Appellee.

UNPUBLISHED
August 10, 2023

No. 361663
Tax Tribunal
LC No. 20-003925

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

This case concerns the subject property, a residential home on several acres of land, at 214 E. Kott Road in Manistee, Michigan. Petitioners Keith and Sheryl Winter appeal as of right the Michigan Tax Tribunal's final opinion and judgment providing that for tax year 2020, the true cash value (TCV) of the subject property was $389,900, the state equalized valuation (SEV) was $194,500, and the taxable value (TV) was $186,819, and for tax year 2021, the TCV was $512,200, the SEV was $256,100, and the TV was $256,100. These figures were identical to the valuations established by respondent Township of Manistee.

On appeal, petitioners primarily argue that the Tribunal erred by rejecting their motion for reconsideration as untimely filed. We agree. Therefore, we vacate the Tribunal's order rejecting their motion for reconsideration and remand to that agency to entertain the motion as timely filed.

## I. FACTS

On July 24, 2020, petitioners filed their tax appeal in the Tribunal. The petition and accompanying documents indicated that petitioners were challenging the March 12, 2020 decision of the local board of review to affirm the SEV of the subject property as $194,500 and the TV as $186,819 for tax year 2020. Petitioners summarized their tax appeal as follows:

> Parcel ID number 5107-130-101-30 commonly known as 214 E. Kott Road, Manistee, Michigan 49660 was at the time of the new assessment, and currently is under construction and not complete. Connie Anderson, the tax assessor assessed our home based on a 70% complete status, which was highly inaccurate. At the

time of her assessment, the property had no running water, no sewer, no plumbing, no flooring, no cabinetry, and was completely unlivable. At the time of her assessment the house was just a roughed in framed site to keep the elements form damaging the interior. Most of the project was not even drywall complete.

On October 15, 2020, the Tribunal entered an order holding respondent in default. In early December 2020, respondent filed an answer to the petition and a motion to set aside the default, asserting that it was delayed in answering due to COVID-19 issues. On December 28, 2020, the Tribunal set aside the default.

A telephone hearing was scheduled for April 19, 2021. Petitioners submitted various documents about three weeks before the scheduled hearing, but respondent did not submit any documents, nor did respondent appear at the hearing. Thus, on April 20, 2021, the Tribunal entered an order holding respondent in default.

A telephone default hearing was scheduled for August 17, 2021. Once again, petitioners submitted various documents before the scheduled hearing, but respondent did not submit any documents. Apparently, respondent either did not appear at the hearing, or if it did, it provided no testimony. In any event, on September 30, 2021, the Tribunal entered an order for rehearing. The order stated that "the Tribunal lacks the competent and substantial evidence required to review Respondent's assessment of the subject property." Thus, the Tribunal scheduled another hearing "to provide Petitioners another opportunity to submit evidence of value."

The telephone rehearing was scheduled for February 7, 2022. Petitioners again submitted various documents, and respondent apparently did not participate. On March 25, 2022, the Tribunal issued its final opinion and judgment, affirming respondent's assessments.

The 21-day time period to file a motion for reconsideration ended on April 15, 2022. See MCL 205.752(2). At about this time, petitioners mailed to the Tribunal a motion for reconsideration. In the motion, petitioners argued that the Tribunal erred by (1) not addressing tax year 2019, (2) disregarding evidence that a nearby oil well reduced the value of the subject property, (3) disregarding evidence that respondent overestimated completion percentage for tax years 2019 to 2021, (4) mistakenly accepting respondent's estimate for wood prices, and (5) not addressing the issue of tax fines and penalties. The motion was dated April 14, 2022.

The motion was accompanied by a cover letter also dated April 14, 2022, and there is a stamp on the cover letter indicating that it was received by the Tribunal on April 18, 2022. In addition, the motion was accompanied by a standard proof-of-service form signed by petitioner Keith Winter and notarized by petitioner Sheryl Winter, stating that "on the 14th day of April, 2022, he served a copy of the within Motion for Reconsideration with exhibits, along with Proof of Service to Michigan Tax Tribunal, Small Claims Division . . . [by] first class mail with postage prepaid thereon, and by depositing same in the United States Mail, in Manistee, Michigan."

The tax docket for this case indicates that the motion for reconsideration was postmarked on April 16, 2022. On May 16, 2022, the Tribunal denied the motion, stating that Tribunal administrative rules provide for a 21-day time period for filing such motions, and "Petitioners'

Motion for Reconsideration was filed beyond this 21-day deadline and is not properly pending before the Tribunal."

On May 20, 2022, the Tribunal received materials from petitioners regarding the timeliness of the motion. In relevant part, petitioners' affidavits stated that they mailed the motion on April 14, 2022. In addition, petitioner Sheryl Winter averred as follows:

> ¶ 5. On May 16, 2022, at approximately 1:00 pm, I spoke with Marissa from the Michigan Tax Tribunal, who informed me that the Tribunal could not see the postmark on the envelope containing my Motion for Reconsideration and Proof of Service. Her claim was the postmark on the envelope was smudged. Therefore, rather than using my notarized Proof of Service per MCR 2.107, a decision was made to guess the service date, wrongfully selecting April 16, 2022, which was conveniently one day short of the 21-day limitation.

> ¶ 6. Deference must be made to an officer of the court; the officers notarized Proof of Service, MCR 2.107, and NOT the guessing of service based on an unreadable, smudged postage mark.

On June 3, 2022, the Tribunal sent a letter to petitioners, stating that the second motion for reconsideration was precluded by MCL 205.753, which provides that "an appeal from the tribunal's decision shall be by right to the court of appeals."

Petitioners now appeal.

## II. STANDARD OF REVIEW

> The standard of review for Tax Tribunal cases is multifaceted. Where fraud is not claimed, this Court reviews the tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the tribunal's factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record. But when statutory interpretation is involved, this Court reviews the tribunal's decision de novo. [*Wexford Med Group v City of Cadillac*, 474 Mich 192, 201-202; 713 NW2d 734 (2006) (quotation marks and citations omitted).]

## III. DISCUSSION

Petitioners argue that the Tribunal erred by rejecting their motion for reconsideration because the motion was timely mailed within the 21-day time period for such motions. We agree.

The Tax Tribunal Act, MCL 205.701 *et seq*., includes provisions governing the timely filing of certain documents. With regard to petitions, MCL 205.735a(6) generally provides that "the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination." With regard to motions for reconsideration, MCL 205.752(2) provides that "[t]he tribunal may order a rehearing upon written motion made by a party within 21 days after the entry of the decision or order." See also Mich Admin Code, R 792.10257(1) ("The tribunal may order a rehearing or reconsideration of

-3-

any decision or order upon its own initiative or the motion of any party filed within 21 days of the entry of the decision or order sought to be reheard or reconsidered.").

MCL 205.735a(7)(a) provides that "[a] petition is considered filed on or before the expiration of the time period provided in this section or by law if . . . [t]he petition is postmarked by the United States postal service on or before the expiration of that time period." There is no comparable statute specifically addressing when a motion for reconsideration is considered filed. However, Mich Admin Code, R 792.10219 provides, in relevant part:

> (4) Pleadings, motions, and documents are considered filed upon mailing or delivery, as provided by rule 2.107 of the Michigan court rules. . . .

> (5) Submissions by mail are considered filed on the date indicated by the U.S. postal service postmark on the envelope containing the submissions. . . .

Thus, Mich Admin Code, R 792.10219 extends the rule set forth by MCL 205.735a(7)(a)— which essentially provides that a petition is considered filed on the date it is postmarked—to all other pleadings, motions, and documents.

MCR 2.107, which governs service of pleadings and other documents, provides, in relevant part:

> Mailing a copy under this rule means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete at the time of mailing. [MCR 2.107(C)(3).]

In this case, to reiterate, the Tribunal denied the motion for reconsideration because it was not timely filed within 21 days after the final opinion and judgment. Petitioner Sheryl Winter, an attorney, represented in an affidavit presented to the Tribunal that

> On May 16, 2022, at approximately 1:00 pm, I spoke with Marissa from the Michigan Tax Tribunal, who informed me that the Tribunal could not see the postmark on the envelope containing my Motion for Reconsideration and Proof of Service. Her claim was the postmark on the envelope was smudged. Therefore, rather than using my notarized Proof of Service per MCR 2.107, a decision was made to guess the service date, wrongfully selecting April 16, 2022, which was conveniently one day short of the 21-day limitation.

We agree with petitioners that the Tribunal erred by rejecting the motion for reconsideration as untimely filed. Certainly, because the applicable statutes do not establish a specific framework for determining when a motion for reconsideration is considered filed, the application of Mich Admin Code, R 792.10219 is reasonable to the extent that it sets forth a "date of postmark" rule consistent with MCL 205.735a(7)(a). See generally, *Grimm v Treasury Dep't*, 291 Mich App 140, 148; 810 NW2d 65 (2010) (explaining that Tribunal notices regarding "the treatment of a filing" should be afforded deference when consistent with the relevant statutes).

However, accepting as true the "Proof of Service" that was originally filed with the motion for reconsideration, it appears that the motion was mailed on April 14, 2022. Indeed, the title "Proof of Service" suggests that its contents should presumptively be accepted as true. Further, accepting as true the affidavit of petitioner Sheryl Winter, particularly because she is an officer of the court, Tribunal staff informed her that the postmark on the envelope containing the motion for reconsideration was not legible. If the postmark was not legible, there is no principled reason why the date reflected on the Proof of Service should not be accepted as the date of mailing,[1] as Mich Admin Code, R 792.10219(4) incorporates MCR 2.107, and MCR 2.107 clearly implies that a proof of service may be used to establish the date of service.[2]

Moreover, we judicially notice that April 14, 2022, was a Thursday, April 16 was a Saturday, and April 18 was a Monday. In addition, as noted, the stamp on the motion for reconsideration indicates that it was received by the Tribunal on April 18, 2022. As the United States Postal Service does not provide ordinary operations on Sundays, the timeline offered by petitioners is consistent with common sense. That is, if petitioners mailed the motion for reconsideration from Manistee on a Thursday, the Tribunal's receipt of that motion on Monday in Lansing would be reasonable. Similarly, if petitioners mailed the motion from Manistee on a Friday, the Tribunal's receipt of that motion on Monday in Lansing also would be reasonable.[3] In contrast, if petitioners mailed the motion on a Saturday, it seems doubtful that the motion would be received in Lansing the following Monday by ordinary first-class mail. Accordingly, we find no reason to doubt the representation of petitioners that the motion was mailed from Manistee on Thursday, April 14—or perhaps Friday, April 15, if the local post office did not process the mail until the following day. In either event, the 21-day time period would be satisfied. See MCL 205.752(2). The Tribunal erred by concluding otherwise.

## IV. CONCLUSION

We conclude that the Tribunal erred by rejecting petitioners' motion for reconsideration as untimely filed. Therefore, we vacate its order rejecting the motion and remand this case to that agency to entertain the motion as timely filed. On remand, the Tribunal should exercise its discretion whether to grant the motion. See MCL 205.762(2) ("Upon a showing of good cause or at the tribunal's discretion, the tribunal may modify the proposed order and issue a final order or hold a rehearing by a tribunal member."). We do not retain jurisdiction.[4]

---

[1] Nor is there any principled reason why the Tribunal arbitrarily chose April 16, 2022, as the date of the smudged postmark.

[2] We note that while the Tribunal has adopted MCR 2.107 as governing the filing of documents, MCR 2.107 generally concerns service on parties and attorneys. In any event, we simply cite MCR 2.107 for the unremarkable, implied proposition that a proof of service may be used to establish the date of service.

[3] Mailing the motion that Friday would have satisfied the 21-day time period as well.

[4] Having so concluded, we need not address petitioners' remaining issues on appeal.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates