*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PONTIAC DRYWALL SYSTEMS, INC.,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
January 11, 2024

No. 365189
Tax Tribunal
LC No. 22-003222

Before: BOONSTRA, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Petitioner appeals by right the order of the Michigan Tax Tribunal (the Tribunal) denying reconsideration of its order dismissing petitioner's case for failing to cure a default. We vacate the order denying reconsideration and remand for further proceedings.

## I. BACKGROUND

In 2022, respondent[1] imposed several Michigan Use Tax assessments against petitioner. Petitioner asserts that it negotiated the cancelation of three of those assessments directly with respondent. Petitioner also filed a petition—prepared using a form prepared by the Tribunal—with the Tribunal challenging another two of those assessments. On its face, the petition form required a "Signature of Petitioner's Authorized Representative or, *if none*, Petitioner," an email

---

[1] Petitioner appears to conflate respondent and the Tribunal, and much of its argument is premised on that misapprehension. They are not the same entity. See MCL 205.721(1) and MCL 205.800. "People are presumed to know the law." *Cummins v Robinson Twp*, 283 Mich App 677, 698; 770 NW2d 421 (2009) (quotation marks and citation omitted). Furthermore, petitioner appears to believe that respondent had a duty to advise petitioner of the orders entered by the Tribunal in this matter, but petitioner offers no support for that proposition.

address, and a mailing address. The petition filed by petitioner (using this form), included a signature, albeit an illegible one, an email address, and a mailing address.[2]

The Tribunal held petitioner in default for, in relevant part, "failing to identify the name of its authorized representative" and stated that it was "unclear" whether the petition had been signed by petitioner's authorized representative.[3] The Tribunal gave petitioner 14 days to cure the default, and it purportedly sent a copy of the default to petitioner at the email address provided in the petition. Petitioner did not respond.

In December 2022, the Tribunal entered an order granting petitioner an additional 14 days to cure the default, and it further specified that, to do so, petitioner must, within 14 days, file an amended petition, file a motion to set aside default, pay a $25 filing fee, and file proof that the motion was served on respondent. Petitioner admits that it received the extension order at the e-mail address provided in the petition; however, petitioner contends that the e-mail went into the address's "spam folder." The record contains no evidence supporting that contention. Petitioner did not timely cure the default, and the Tribunal entered an order of dismissal. The order of dismissal cited the seven factors the Tribunal was required to consider under *Grimm v Dep't of Treasury*, 291 Mich App 140, 149; 810 NW2d 65 (2010).

In January 2023, petitioner filed an amended petition that identified its authorized representative by name (independent of the signature). The amended petition included the same e-mail and mailing addresses that had been on the original petition. Petitioner also filed a motion to set aside the dismissal and for reconsideration, requesting that the "respondent" (presumably meaning the Tribunal) issue an order setting aside the default and dismissal, grant its motion for reconsideration, and reinstate the petition. In its motion, petitioner argued in significant part that its violations of the Tribunal's orders cannot be considered wilful or deliberate because it was guilty of, at most, negligence in failing to manage its e-mail. Petitioner argued that its communications with respondent showed that it had been actively engaged in contesting the tax assessments, which was evidence that its failure to respond to the default was due to a lack of notice rather than any intention of causing delay. Petitioner further argued that any prejudice to respondent would be minimal, whereas the prejudice to itself would be significant. Petitioner concluded that a lesser sanction than dismissal would serve the interests of justice.

In February 2023, the Tribunal entered an order denying reconsideration. The Tribunal acknowledged that petitioner had filed an amended petition, but it concluded that petitioner had nevertheless not complied with its orders because petitioner had not filed a motion to set aside the default, paid the associated filing fee, and filed proof that it had served the motion on respondent.

---

[2] Apart from providing this information, the petition did not identify its authorized representative. However, the petition form also did not specifically request it.

[3] The default order cited to TTR 227, which is an Administrative Hearing Rule, found at Mich Admin Code 792.10227, that governs the filing of petitions in the Tribunal. Like the petition form, however, TTR 227 requires that a petition be signed but does not otherwise require the identification of any authorized representative. See Mich Admin Code 792.10227 (1), (3).

The Tribunal therefore concluded that petitioner had not cured the default, and it denied reconsideration and closed the case.

## II. STANDARD OF REVIEW

"We review for an abuse of discretion a decision by the Tax Tribunal to dismiss a petition for failure to comply with its rules or orders." *Grimm*, 291 Mich App at 149. "The abuse-of-discretion standard recognizes that there will be circumstances in which there will be more than one reasonable and principled outcome, and selection of one of these principled outcomes is not an abuse of discretion." *Id*.

## III. ANALYSIS

Petitioner argues primarily that its failure to comply with the Tribunal's orders was unintentional. We conclude that the Tribunal abused its discretion by failing to explicitly consider the *Grimm* factors before denying petitioner's motion. We decline to resolve whether petitioner's noncompliance actually was unintentional.

"[T]he Tax Tribunal has the authority to dismiss a petition for failure to comply with its rules or orders." *Prof Plaza, LLC v Detroit*, 250 Mich App 473, 475; 647 NW2d 529 (2002). Before the Tribunal may dismiss a case, it must carefully consider all of its options on the record, *Grimm*, 291 Mich App at 149-150, and it must specifically consider seven enumerated factors:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 149 (quotation marks and citation omitted).]

The first and fourth *Grimm* factors pertain to conduct that was "wilful" or "deliberate." "Wilful" conduct is conduct that is intentional and "involves design and purpose." *Jennings v Southwood*, 446 Mich 125, 139-140; 521 NW2d 230 (1994). In the civil context of "deliberate indifference," a person must "know of and disregard" a particular risk, and it is not enough that a person merely should have realized the risk. *Mays v Snyder*, 506 Mich 157, 192-193; 954 NW2d 139 (2020) (quotation marks, brackets, and citation omitted). In the criminal context of first-degree premeditated murder, "to deliberate is to measure and evaluate the major facets of a choice or problem." *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018) (quotation marks and citation omitted). The second *Grimm* factor pertains to "refusing to comply with" orders. As compared to merely not complying with orders, the word "refusal" connotes intentional conduct. See *People v Likine*, 492 Mich 367, 389-392; 823 NW2d 50 (2012).

In short, three of the *Grimm* factors require the Tribunal to consider a party's intentions as well as the party's actions. Furthermore, in general, carelessness, negligence, or incompetence do not rise to the level of wilful or deliberate misconduct. *People v Otto*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362161); slip op at 6; *Morden v Grand Traverse Co*, 275 Mich App 325, 338; 738 NW2d 278 (2007). Nevertheless, intent may be inferred from "a line of

conduct" with only one "reasonable explanation." See *Hawkins v Dillman*, 268 Mich 483, 491; 256 NW 492 (1934) (quotation marks and citation omitted).

In this case, the Tribunal's order denying reconsideration does not address petitioner's arguments concerning petitioner's allegedly negligent handling of its email system. The Tribunal abused its discretion by failing to give any consideration on the record, let alone the "careful consideration" it was required to give, as to whether petitioner's noncompliance was intentional or unintentional. *Grimm*, 291 Mich App at 149-150.

Moreover, there is nothing in the record indicating that the Tribunal considered the remaining *Grimm* factors, other than the Tribunal's assertion that "all correspondence was properly sent" to the email address that petitioner provided with the initial petition, and its assertion that petitioner "failed to file a Motion to set aside the default with required filing fee and proof of service." "When considering the sanction of dismissal, the record should reflect that the Tax Tribunal gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Grimm*, 291 Mich at 150 (citations and quotation marks omitted).

Regarding its holding that petitioner failed to cure the default because petitioner failed to file a motion to set aside the default along with a $25 filing fee and proof that the motion was served on respondent, the Tribunal never considered whether plaintiff's "motion to set aside dismissal and for reconsideration" satisfied this requirement. Courts must consider the substance of a pleading rather and are not bound by the labels applied to those documents by the parties. *Brendel v Morris*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359226); slip op at 5. Although petitioner filed what it described as either a motion for reconsideration or a motion to set aside the dismissal and for reconsideration, in substance, the motion sought to set aside the default. And although it did not include the particular $25 filing fee specified by the Tribunal, it did include a $50 filing fee. Petitioner attached proofs of service indicating that the motion and brief were served on respondent, and there is nothing in the record indicating that respondent was not actually served. Although petitioner did not file anything formally captioned as a motion to set aside the default, nothing in the Tribunal's order denying consideration reflects whether it considered the document as a whole to determine its true nature, and the Tribunal never recognized that petitioner's motion indeed requested that the default be set aside. See *Brendel*, ___ Mich App at ___; slip op at 5. We conclude that the Tribunal abused its discretion by apparently relying solely on petitioner's labeling of its motion in concluding that it did not satisfy the Tribunal's requirements for setting aside the default. *Grimm*, 291 Mich at 150 (citations and quotation marks omitted).

The Tribunal was also silent on the relative prejudice to petitioner and respondent, and did not provide any indication in its order denying reconsideration that it had considered the possibility of lesser sanctions. Under these circumstances, we conclude that the Tribunal's order denying reconsideration and dismissing petitioner's case must be vacated, and the case remanded for further proceedings before the Tribunal. We decline to order that the petition be reinstated; rather, the Tribunal should reconsider the issue in light of this opinion and, if it again dismisses

petitioner's case, it should provide an explicit discussion of the *Grimm* factors in order to facilitate appellate review.[4]

Vacated and remanded. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

---

[4] In doing so, the Tribunal should bear in mind that, although its default was premised on petitioner having failed to identify its authorized representative, neither TTR 227 nor the Tribunal's petition form specifically required petitioner to do so other than by way of a signature.