*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DESMOND RICKS,

      Plaintiff-Appellant,

v

STATE OF MICHIGAN,

      Defendant-Appellee.

FOR PUBLICATION
December 22, 2025
10:55 AM

No. 369531
Court of Claims
LC No. 17-000159-MZ

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

## I. INTRODUCTION

Under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq.*, a person released from state prison because he was actually innocent is entitled to receive compensation from the state, within certain parameters. Pursuant to these statutory provisions, plaintiff ultimately obtained an award of $1,231,814.08 (the state award). He and his two daughters subsequently settled federal claims against those whose actions led to the wrongful conviction, resulting in a lump-sum award of $7,500,000.00 (the federal award). Hearing of the federal award, defendant sought reimbursement of the state award from plaintiff, on the basis that an award under the act "is subject to setoff or reimbursement for damages obtained for the wrongful conviction or imprisonment from any other person." MCL 691.1755(13).

Plaintiff declined to reimburse the state, resulting in defendant filing a motion to re-open this matter and seeking an order requiring plaintiff to reimburse the state for the entire state award. After briefing and arguments, the trial court issued a well-reasoned opinion and order granting defendant's motion and ordering plaintiff to reimburse defendant for the entire amount of the state award. We affirm the rationale and conclusions of the trial court.

## II. ANALYSIS

In his challenge to the trial court's order, plaintiff lodges six arguments as to why reversal should occur. The first argument presents a two-prong constitutional challenge to MCL 691.1755(13), the reimbursement provision of the act, while the remaining five arguments present

issues of what the statute requires or covers. We turn first to the constitutional challenge, and then to the statutory ones. None, however, carry the day for plaintiff.

## A. VAGUENESS

Plaintiff's constitutional challenge is based upon the "void for vagueness" doctrine, which has its roots in the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, *STC, Inc v Dep't of Treasury*, 257 Mich App 528, 538; 669 NW2d 594 (2003) (stating "[t]he 'void for vagueness' doctrine is a derivative of the constitutional guarantee that a state may not deprive a person of life, liberty, or property without due process of law"), and in the separation of powers doctrine, *Planned Parenthood of Ind & Ky, Inc v Marion Co Prosecutor*, 7 F4th 594, 599, 603 (CA 7, 2021). "A statute may be challenged for vagueness on the grounds that it does not provide fair notice of the conduct proscribed or that it is so indefinite that it invites arbitrary or discriminatory enforcement." *Turunen v Dir of Dep't of Natural Resources*, 336 Mich App 468, 482-483; 971 NW2d 20 (2021), citing *Hill v Colorado*, 530 US 703, 732; 120 S Ct 2480; 147 L Ed 2d 597 (2000), and *People v Sands*, 261 Mich App 158, 161; 680 NW2d 500 (2004). Here, plaintiff posits that MCL 691.1755(13) is unconstitutionally vague because its wording does not provide fair notice that reimbursement is required in these circumstances, and as a result can lead to arbitrary enforcement from the courts.

We conclude, for the reasons explained below, that MCL 691.1755(13) is not unconstitutionally vague as applied to plaintiff, but is in fact clear and unambiguous as to what it requires under the circumstances of this case. *In re Gosnell*, 234 Mich App 326, 334; 594 NW2d 90 (1999) (reasoning "a statute is not vague if the meaning of the disputed words 'can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning' ") (citation omitted); *Franklin v McLaren Flint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366226); slip op at 12 (explaining that when a case does not involve First Amendment freedoms, our examination of the statute is limited to whether it is vague "in light of the *particular facts at hand* without concern for the hypothetical rights of others") (quotation marks and citation omitted). We explain our reasoning below.

## B. STATUTE'S MEANING

WICA is a statutory scheme whereby the state waived sovereign immunity to allow a plaintiff to recover compensation from the state, under certain circumstances, for wrongful conviction and imprisonment through an action in the Court of Claims. *Maples v Michigan*, 507 Mich 461, 476; 968 NW2d 446 (2021) (the purpose of WICA "is to provide compensation and other relief for individuals wrongfully imprisoned") (quotation marks and citation omitted). WICA outlines two steps for the Court of Claims to follow when determining whether to award compensation—determining eligibility and calculating the compensation owed. *Ricks v Michigan*, 507 Mich 387, 395; 968 NW2d 428 (2021). In the context of construing a provision of WICA, the Court has stated that "[i]t is the exclusive province of the Legislature to define when and to what extent the state of Michigan relinquishes its sovereign immunity." *Sanford v Michigan*, 506 Mich 10, 17; 954 NW2d 82 (2020).

The compensation that plaintiff was qualified to receive under WICA is not at issue. Instead, the sole issue is whether WICA requires plaintiff to reimburse defendant the amount of the WICA judgment because of the $7.5 million federal award arising from the same wrongful conviction and imprisonment. The words contained in WICA, of course, provide the answer to this question.

This Court reviews issues of statutory interpretation de novo. *Sanford*, 506 Mich at 14. When interpreting a statute, our goal "is to 'ascertain the legislative intent that may reasonably be inferred from the words in the statute.' " *Id*. at 14-15 (citation omitted). The analysis focuses on the express language of the statute, which provides the best evidence of legislative intent. *Id*. at 15. "When the statutory language is clear and unambiguous, judicial construction is limited to enforcement of the statute as written." *Id*. This Court will examine the text of the statute, the context in which the statute appears, and WICA's purpose to determine the meaning of a statutory provision. *Ricks*, 507 Mich at 397. "In interpreting a statute, this Court avoids a construction that would render any part of the statute surplusage or nugatory." *Dep't of Environmental Quality v Worth Twp*, 491 Mich 227, 238; 814 NW2d 646 (2012). Additionally, we must strive to give meaning to every phrase, clause, and word found within the statute. *Id*. "Individual words and phrases, while important, should be read in the context of the entire legislative scheme." *Id*. MCL 8.3a outlines how to construe words and phrases in a statute and provides:

> All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

Provisions of a statute should be read in harmony with the statute as a whole. *Honigman Miller Schwartz & Cohn, LLP v Detroit*, 505 Mich 284, 313; 952 NW2d 358 (2020).

The relevant provision of WICA is MCL 691.1755(13), which provides, "An award of compensation under this act is subject to setoff or reimbursement for damages obtained for the wrongful conviction or imprisonment from any other person." Under the plain terms of this short subsection, "an award of compensation" obtained under WICA "is subject to setoff or reimbursement" when the plaintiff obtains damages from "any other person" in another action for the same wrongful conviction or imprisonment. Here, that means plaintiff must reimburse defendant for the state award because he received the federal award for the same wrongful conviction and imprisonment. This provision is not subject to any other reasonable understanding.

Plaintiff, however, argues the subsection is vague and ambiguous because several terms are undefined and susceptible to different meanings. MCL 691.1752 outlines the definitions used in WICA, but does not define certain terms and phrases, such as "award of compensation," "is subject to," or "any other person." Although the Legislature provided no definitions for these phrases, their meaning is not ambiguous.

### 1. AN AWARD OF COMPENSATION

According to plaintiff, "[a]n award of compensation" is ambiguous because it is unclear whether that phrase, which presumably includes the WICA award, also includes plaintiff's

attorney fees. He compares the statute to a setoff provision in the Crime Victim's Rights Act (CVRA), MCL 780.794(9),[1] and argues that the use of an all-encompassing and clear-meaning phrase like "any amount" suggests that the term "an award of compensation" is less encompassing, and vague.

To the contrary, we conclude that reading WICA as a whole makes what is meant by "an award of compensation" unambiguous. Turning first to MCL 691.1755(2), that subsection explains that, with limited exceptions that do not apply here, "if a court finds that a plaintiff was wrongfully convicted and imprisoned, the court shall award *compensation* as follows[.]" (Emphasis added.) MCL 691.1755(2)(a) and (b) then explain how to calculate the amount owed to compensate the plaintiff, while MCL 691.1755(2)(c) provides that the court shall award "[r]easonable attorney fees incurred in an action under this act." Importantly, MCL 691.1755(2)(c)(*iv*) provides that "[a]n award of attorney fees under this act may not be deducted from the compensation awarded the plaintiff, and the plaintiff's attorney is not entitled to receive additional fees from the plaintiff."

Defendant does not argue that the attorney-fee award that it paid under WICA is subject to reimbursement or setoff, and there is no dispute that the attorney fees defendant paid under WICA cannot be deducted from the compensation awarded to plaintiff. MCL 691.1755(2)(c)(*iv*). Under this subsection, the award of attorney fees is treated as a separate award that cannot reduce the compensation awarded to plaintiff under MCL 691.1755(2)(a) and (b). It is therefore clear that "an award of compensation" refers only to the WICA judgment awarded to plaintiff, and not the separate WICA attorney-fee award.

## 2. "DAMAGES OBTAINED"

Plaintiff also argues that the phrase "damages obtained" is ambiguous, because it is unclear whether it applies only to damages obtained by the wrongfully convicted person, or whether it can also apply to damages obtained by other individuals. He also argues that it is unclear whether "damages obtained" include his attorney fees from the federal lawsuit.

Turning first to the issue whether the term "damages obtained" is vague and unambiguous because it does not clarify whether the damages include those recovered by third parties, we agree with defendant that the phrase "damages obtained" was designed to address damages obtained by a WICA plaintiff and not by any third parties. This is clear from the language of the reimbursement

---

[1] MCL 780.794(9) provides:

> *Any amount* paid to a victim or victim's estate under an order of restitution shall be set off against any amount later recovered as compensatory damages by the victim or the victim's estate in any federal or state civil proceeding and shall reduce the amount payable to a victim or a victim's estate by an award from the crime victim services commission made after an order of restitution under this section. [Emphasis added.]

-4-

provision, which clarifies that it is plaintiff's "award of compensation" that is subject to setoff or reimbursement by other damages. Black's Law Dictionary defines the term "damages" as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury[.]" *Black's Law Dictionary* (12th ed). Plaintiff's children did not qualify for an award of compensation under WICA; the award was specific to plaintiff. Therefore, the phrase "damages obtained" plainly refers to damages obtained by plaintiff, rather than his children. Because the statute contains no language extending the damages available for reimbursement or setoff to the damages recovered by third parties, we hold that "damages obtained" refers exclusively to damages awarded to the WICA plaintiff in another non-WICA matter.

Despite the plain language of this subsection, plaintiff compares this statute to a provision within the Worker's Disability Compensation Act of 1969 (WDCA), MCL 418.101, *et seq.*, which provides in part that "[i]n an action to enforce the liability of a third party, the plaintiff may recover *any amount* which the employee or his or her dependents or personal representative would be entitled to recover in an action in tort," MCL 418.827(5) (emphasis added). Plaintiff contends that the reference to "any amount" and the clarification that the amount applies to both the employee and "his or her dependents or personal representative," provides clarity about the scope of damages in the WDCA that WICA does not provide. We read this differently, as the fact that the WDCA states that the amount can be recovered from the employee's dependents or personal representative supports a conclusion that the absence of similar language in WICA means that the scope of the damages award is limited to the damages obtained by plaintiff only.

Equally unavailing is plaintiff's comparison to the reimbursement provision of the Social Welfare Act, MCL 400.106(8),[2] relating to the state's recoupment of proceeds from a settlement or judgment in a circumstance in which the state or a contract health plan has paid expenses under the Medicaid program. According to plaintiff, the reference to "the full costs of expenses paid," as well as the fact that the statute provides that the full costs "shall" be paid, indicate that there are standards under which the court could make a consistent and accurate determination of the reimbursement owed, which is in contrast to the language of the WICA reimbursement provision, which has no such standards. However, the Social Welfare Act applies to a very distinct context and addresses situations in which benefits have been paid over time. This case, in contrast, relates to only one WICA judgment and a narrower context in which defendant has waived sovereign immunity. Again, there is no basis in the statute to conclude that defendant may obtain

---

[2] The statute specifies, in relevant part: "The department has first priority against the proceeds of the net recovery from the settlement or judgment in an action settled in which notice has been provided . . . . The department and a contracted health plan shall recover *the full cost of expenses paid* under this act unless the department or the contracted health plan agrees to accept an amount less than the full amount." MCL 400.106(8) (emphasis added). The same subsection also clarifies that "[a]s used in this subsection, 'net recovery' means the total settlement or judgment *less the costs and fees incurred* by or on behalf of the individual who obtains the settlement or judgment." *Id*. (emphasis added).

-5-

reimbursement from damages obtained by third parties relating to the WICA plaintiff's wrongful imprisonment.[3]

With respect to plaintiff's argument about whether attorney fees from the federal award are also included in the damages obtained, we agree with the Court of Claims' finding that this case does not involve a situation in which a separate attorney-fee award was entered. Under the American Rule for the payment of attorney fees and costs, attorney fees are not recoverable from the losing party without an express exception noted in a statute or court rule. *Haliw v Sterling Heights*, 471 Mich 700, 706-707; 691 NW2d 753 (2005). Under federal law, 42 USC 1988(b) provides such an exception when a plaintiff is a "prevailing party" in a lawsuit under 42 USC 1983. *Buckhannon Bd & Care Home, Inc v W Va Dep't of Health & Human Resources*, 532 US 598, 602-603; 121 S Ct 1835; 149 L Ed 2d 855 (2001). However, when parties stipulate to dismiss a lawsuit pursuant to a private settlement agreement between them, the plaintiff is not considered a prevailing party for fee-shifting purposes and any payment to attorneys out of the settlement award's proceeds must be arranged privately between attorney and client. See *Toms v Taft*, 338 F3d 519, 528 (CA 6, 2003). That is what happened here; in exchange for a $7.5 million payment to plaintiff and his daughters, the federal lawsuit was voluntarily dismissed with prejudice. And the release in the federal lawsuit does not include a separate attorney-fee award or even outline how attorney fees would be disbursed from the settlement funds. So the default rule requiring plaintiff to bear his own attorney fees would seemingly apply in the federal lawsuit.

That leaves us with the question of whether any attorney fees plaintiff or his daughters paid their attorneys from the settlement proceeds in the federal lawsuit are necessarily "damages obtained for the wrongful conviction or imprisonment" under MCL 691.1755(13). On the one hand, to characterize the entire $7.5 million payment as "damages" may be an overstatement. Had plaintiff proceeded to judgment and prevailed, he would have been entitled to a court-ordered award of attorney fees under 42 USC 1988, separate from compensatory damages under 42 USC 1983. As a practical matter, a lump-sum settlement payment reflects a compromise estimate of what the case was worth both in damages as well as fees, yet defendant is entitled to reimbursement only "for damages obtained."

On the other hand, as noted earlier, WICA provides for a separate attorney-fee award, indicating the Legislature knew how to differentiate an attorney-fee award when it intended to do so. In the reimbursement provision, the Legislature did not exclude attorney fees paid from the

_____

[3] Plaintiff also cites a provision of an Ohio statute relating to compensation for wrongful imprisonment, Ohio Rev Code 2743.48(F)(4)(a)(*ii*), which states that "[i]f the wrongfully imprisoned individual actually collects *any amount* of the qualifying monetary award or recovery after the date of the judgment entry[,] . . . the wrongfully imprisoned individual shall reimburse the state for the sum of money paid under the judgment entry . . . after the deduction of the individual's attorney's fees and costs related to the litigation, for the amount of the qualifying monetary award or recovery actually collected after that date." [Emphasis added.] Again pointing to "any amount" language, plaintiff suggests that the Ohio statute is much broader in scope than the WICA reimbursement provision. However, the Ohio statute provides no guidance on whether the damages amount includes damages obtained by third parties.

proceeds of a separate lawsuit from the funds available for recoupment. This situation can be contrasted with the provision of the Social Welfare Act discussed earlier, MCL 400.106(8), which expressly states that the amount subject to reimbursement does not include attorney fees or costs. The fact that language excluding attorney fees and costs from reimbursement appears in another statute supports that the Legislature is well aware of how to exclude attorney fees and costs from reimbursement when it intends to do so. See *Carson City Hosp v Dep't of Community Health*, 253 Mich App 444, 447-448; 656 NW2d 366 (2002) ("When the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional.").

Ultimately, we need not decide whether reimbursement always includes the attorney fees and costs paid from the proceeds of a settlement as part of the damages obtained from any other person. Our task is to determine whether the statute was vague or ambiguous on the facts of this particular case, not in a hypothetical scenario not before the Court. See *Franklin*, ___ Mich App at ___; slip op at 12. Here, plaintiff represented to the Court that counsel retained approximately one-third of the total settlement amount as an attorney's fee, leaving approximately $5 million for plaintiff and his daughters. And although the Court of Claims ordered plaintiff to disclose how the remaining amount was distributed between plaintiff and his daughters, plaintiff never produced that information. The trial court permissibly inferred, therefore—and reasonably so, given the underlying facts of the case—that plaintiff retained at least $2.5 million of the $7.5 million settlement, "more than double the amount he received from the state in this WICA action." Accordingly, regardless of whether all, some, or none of the attorney fees plaintiff paid are properly considered "damages obtained" for purposes of MCL 691.1755(13), the statute is clear that plaintiff must reimburse the full amount of his state award from the damages he obtained through the federal award.

## 3. "ANY OTHER PERSON"

According to plaintiff, because the phrase "any other person" in MCL 691.1755(13) is undefined, it is ambiguous, as the phrase may or may not refer to funds recovered from Detroit in the federal action. Plaintiff, not surprisingly, argues that Detroit should not be considered "any other person." Again, the meaning of the phrase is clear from the language of the statute and its context.

WICA defines the term "this state" as "the state of Michigan and its political subdivisions, and the agencies, departments, commissions, and courts of this state and its political subdivisions." MCL 691.1752(e). Defendant concedes, as it must, that Detroit is considered a political subdivision of the state of Michigan under this definition. Therefore, the issue comes down to whether the damages obtained in the federal lawsuit can be considered from "any other person."

Context for this issue comes from MCL 691.1755(8), which must be read harmoniously with MCL 691.1755(13). Subsection (8) states as follows:

> The acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the claim, must be in writing and, unless it is procured by fraud, is final and conclusive on the plaintiff, constitutes a complete release of all claims against this state, and is a complete bar to any action in state court by the

plaintiff against this state based on the same subject matter. However, the acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the plaintiff's claim, does not operate as a waiver of, or bar to, any action in federal court against an individual alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment. [MCL 691.1755(8).]

This subsection indicates the Legislature was aware that individuals recovering WICA judgments against the state would also have federal claims against the individuals involved in the investigation, prosecution, or conviction leading to the wrongful conviction and imprisonment. The statute therefore clarifies that while the WICA judgment operates as a complete bar to any action in state court against defendant or its political subdivisions (including Detroit), WICA does not bar federal lawsuits against the individuals involved in procuring the wrongful conviction and sentence.

The fact that the acceptance of a WICA judgment does not waive or bar a federal case against "an individual alleged to have been involved in the investigation, prosecution, or conviction" indicates that the individual defendants involved in the federal lawsuit are the type of individuals considered to be "any other person" for purposes of the reimbursement provision in MCL 691.1755(13). Detroit's involvement in paying the settlement on behalf of the officer defendants did not mean that the settlement did not involve "any other person." Nor did the fact that the release also released claims against Detroit mean that the damages obtained were from the state, because the damages obtained were in relation to plaintiff's claims against the individual police officers. Again, any claims against Detroit were barred by WICA. Therefore, there is no ambiguity in the statutory language, and the phrase "any other person" is not vague.

### 4. "IS SUBJECT TO"

Lastly, plaintiff argues the statute is vague because it grants the Court of Claims unlimited discretion in terms of how to apply the reimbursement provision. Plaintiff's argument hinges on the perceived ambiguity in the phrase "is subject to," which he argues is susceptible to two meanings because it is unclear whether the court *must* order reimbursement or whether the court *may* order reimbursement. He argues the better interpretation is to construe the phrase "is subject to" as granting the Court of Claims discretion over whether reimbursement or full reimbursement of the WICA award is justified under the circumstances.

As noted, WICA does not define "is subject to," but our appellate courts have interpreted the phrase to be mandatory in nature. For example, in *Ricks*, 507 Mich at 411, the Court interpreted the meaning of MCL 691.1755(2), which provides, in relevant part, " '*Subject to* subsections (4) and (5), if a court finds that a plaintiff was wrongfully convicted and imprisoned, the court shall award compensation as follows[.]' " (Emphasis added; citation omitted.) The Court noted that "the compensation formula set forth at MCL 691.1755(2) *explicitly conditions* a WICA recipient's award on MCL 691.1755(4)." *Ricks*, 507 Mich at 396 (emphasis added). The Court's reasoning supports that the phrase "subject to" is mandatory rather than permissive in nature because it provides an explicit condition under which the court may grant relief.

-8-

This Court has construed the phrase "is subject to" in other contexts as well. In *Craig v Detroit Pub Schs Chief Executive Officer*, 265 Mich App 572, 576-577; 697 NW2d 529 (2005), abrogated in part on other grounds by *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 143; 860 NW2d 51 (2014),[4] this Court addressed the meaning of the phrase "is subject to" in MCL 380.471a, a statute relating to the appointment and duties of school superintendents and administrators. This Court consulted dictionary definitions to define the term "subject" to mean " 'being under the domination, control, or influence of something (often [followed] by *to*)' " and " 'dependent upon something ([usually followed] by *to*): *His consent is subject to your approval*.' " *Id*. at 576-577 (citations omitted; alterations in original). Both of these definitions indicate there is a condition that is dependent upon or under the control of something else. See *id*.

Similarly, in *Mayor of Lansing v Pub Serv Comm*, 470 Mich 154, 160; 680 NW2d 840 (2004), the Court used the same dictionary definition as *Craig* of the term "subject" which was " 'dependent upon something (usu. fol. by *to*): *His consent is subject to your approval*.' " (Citation omitted.) In *Mayor of Lansing*, which involved construction of a utility pipeline, the use of the statutory phrase " 'subject to' " was deemed mandatory, meaning that the project at issue could not go forward without meeting construction standards and without local approval. *Id*. at 160-161. See also *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 363-364; 917 NW2d 603 (2018) (relying on *Mayor of Lansing* to support that the phrase " 'subject to' " means " 'dependent upon.' ") (citation omitted).

This line of caselaw supports the conclusion that the phrase "is subject to" is a mandatory requirement, rather than a permissive standard. In other words, plaintiff's WICA award was conditioned upon reimbursement provided that the requirements of MCL 691.1755(13) are otherwise met. Further support for this interpretation comes from the fact that the reimbursement provision provides no criteria to guide the court in deciding whether to award reimbursement. As the Court of Claims noted, WICA is otherwise a mandatory statute. The calculation of the WICA award is determined by a formula outlined in the statute, rather than a finding by the judge. MCL 691.1755(2)(a). The statute specifies that the amount includes reasonable attorney fees which are limited to 10% of the total amount awarded or $50,000, whichever is less, plus expenses. MCL 691.1755(2)(c)(*iii*). If the Legislature intended a permissive standard, then it would have used permissive language (such as the word "may") and presumably would have included criteria for the Court of Claims to consider when ruling on reimbursement.

The phrase "subject to" also appears twice more in the same section of WICA that includes the reimbursement provision. First, under WICA, "[a]n award under subsection (2) is not subject to income taxes." MCL 691.1755(10). Second, WICA states, "A compensation award under this act is subject to the payment of child support, including child support arrearages, owed by the plaintiff." MCL 691.1755(11). No language in the statute exists to suggest that either of these provisions falls within the equitable discretion of a court. In fact, a contrary conclusion would mean that some WICA plaintiffs would have to pay income tax or pay child support, while other

---

[4] *Speicher* only abrogated the portion of *Craig* relating to court costs and attorney fees under MCL 15.271(4), a provision of the Open Meetings Act, MCL 15.261 *et seq*., which is irrelevant to this appeal. See *Speicher*, 497 Mich at 143.

plaintiffs would not, which would lead to inconsistencies in terms of how WICA is enforced. Reading the provisions of MCL 691.1755 in harmony, therefore, supports defendant's argument that the phrase "is subject to" is mandatory in nature. See *Honigman*, 505 Mich at 313.

The fact that WICA outlines a specific formula for the judgment supports that the Legislature did not intend for equitable weighing to factor into the amount of reimbursement, either. Plaintiff does not highlight any other provision of WICA that permits equitable weighing or introduces an element of discretion on the part of the Court of Claims. Although plaintiff argues that the statute is permissive because the Legislature did not use the word "shall," there is no support for the argument that a statutory command is mandatory *only* when the word "shall" is utilized. *Lexecon, Inc v Milberg Weiss Bershad Hynes & Lerach*, 523 US 26, 35; 118 S Ct 956; 140 L Ed 2d 62 (1998), does not say otherwise.

We also reject as meritless plaintiff's argument that the settlement was a compromise of plaintiff's 42 USC 1983 claims, and did not include a full recovery of his damages, suggesting the federal lawsuit settlement also took into consideration plaintiff's WICA judgment. The release does not contain any language that the parties' compromise expressly excluded the amount of the WICA judgment. More importantly, whether it did or did not is immaterial to the language of MCL 691.1755(13), as the language of MCL 691.1755(13) is clear and would have provided notice to plaintiff that the award of compensation was subject to reimbursement or setoff from the damages obtained in the federal lawsuit.

For these reasons, we hold that MCL 691.1755(13) is clear and unambiguous in that it requires reimbursement of (or setoff from) the entire WICA judgment when the plaintiff (and not any other individual) recovers compensation from any other person (including individual police officers) arising from the same wrongful conviction and imprisonment. Because plaintiff received compensation from another source, MCL 691.1755(13) required defendant to be reimbursed from the amount plaintiff recovered in the federal award. As a result, the Court of Claims did not err in ordering reimbursement or setoff under MCL 691.1755(13).[5]

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

---

[5] Plaintiff suggests that this conclusion unfairly results in a windfall to the state and deprives plaintiff of funds to which he should be entitled for the wrong done to him. However, as even plaintiff recognizes at the conclusion of his brief, whether it is wise to require a WICA plaintiff to reimburse defendant under these circumstances was a public policy choice resolved by the Legislature. See *Complete Auto & Truck Parts, Inc v Secretary of State*, 264 Mich App 655, 666; 692 NW2d 847 (2004).